[No. 6021.]

## Squires v. Detwiler.

1. **Justice of the Peace—Docket as Evidence**—The docket of a justice is only prima facie evidence of what is required by statute to be set down therein, and what, in fact, there appears. Recitations of the service of process may be contradicted.—(367)

2. **Trespass — Justification Under Process —** An officer levying an execution from the district court, upon a judgment rendered by a justice of the peace, is not protected if it appears there was no service of process before the justice.—(367)

*Error to the Summit District Court —* Hon. Frank W. Owers, Judge.

Mr. H. C. Clay, for plaintiff in error.

No appearance for defendant in error.

Plaintiff in error brought suit in replevin against the defendant in error, as sheriff of Summit county, to recover possession of certain cattle which it was alleged the latter had wrongfully taken and retained possession of. For answer, the defendant stated that he had levied upon and taken possession of the cattle, under an execution issued out of the district court of Summit county on a transcript of a judgment rendered in favor of one David Lehman, and against plaintiff, before H. C. Rogers, a justice of the peace. For reply the plaintiff alleged that no summons or process of any kind was ever served on him, in the action in which the judgment was rendered by the justice of the peace, nor did he appear therein. Trial was to the court.

On behalf of the defendant, a transcript of the judgment rendered by the justice of the peace in the case of *Lehman v. Squires,* was introduced, wherein it is stated that Squires was duly served with summons, but failed to appear. This was all

the testimony introduced by the defendant on the subject of the service of summons. The plaintiff testified that, at the time when the judgment above mentioned was rendered, he resided in Summit county; that his family then consisted of his wife and daughter; that no summons was ever served upon him in the action, and that he entered no appearance therein. His wife and daughter also testified that no summons in that action was ever left with either of them. This testimony is undisputed. The court rendered judgment in favor of defendant. Plaintiff brings the case here for review on error.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Dockets of justices of the peace do not import absolute verity. They are *prima facie* evidence of the facts required to be therein stated, but they may be impeached by oral testimony.—*Hammill v. Ferrier*, 8 Col. App. 266.

The testimony on behalf of the plaintiff, that no summons was ever served upon him, and that he never entered an appearance in the action commenced by Lehman, is not controverted. Without service of summons or waiver thereof the judgment rendered by the justice of the peace was a nullity. Such being the case, the execution under and by virtue of which the defendant took possession of the stock in controversy was no justification for his action.

The judgment of the district court is reversed, and the cause remanded.

*Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE HILL concur.