### No. 10,296.

### TURNER *v.* THE PEOPLE.

Decided April 2, 1923.

Plaintiff in error was convicted of a second violation of the prohibition act.

*Affirmed.*

1. CRIMINAL LAW—*Evidence—Confessions.* A mere caution to the accused to tell the truth, if he says anything, is not sufficient to make his subsequent statements inadmissible in evidence in a criminal trial.

  The mere fact that a confession is made to a police officer while the accused is under arrest, and in response to questions involving no threats, intimidation or inducement, does not render it inadmissible.

2. INTOXICATING LIQUOR—*Evidence of Former Conviction.* The record of a justice of the peace of the former conviction of one on trial for a violation of the prohibition act, may be supplemented by oral testimony.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. WILLIAM H. DICKSON, for plaintiff in error.

Mr. VICTOR E. KEYES, attorney general, Mr. CHARLES R. CONLEE, assistant, for the people.

*Department Two.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

PLAINTIFF in error was convicted of manufacturing for

sale and gift intoxicating liquors and of unlawfully having in his possession a quantity of intoxicating liquor, and brings error.

He contends: First, that the court erred in admitting the evidence of certain officers as to admissions or confessions alleged to have been made by the defendant, there not having been a proper foundation laid therefor; and, second, that the court erred in holding that there was sufficient competent evidence of a former conviction before a justice of the peace.

The testimony alleged to be erroneously admitted includes that of three police officers who testified to finding the defendant in a house on Colorado boulevard, in the City of Denver, where there were two stills in operation, and two kegs of whiskey.

The confession which defendant in error claims was inadmissible, because not voluntarily made, was made in the presence of one Gates, deputy district attorney, Gormley, the sheriff, and Clements, his deputy. Gates testified that he asked the defendant, who was under arrest, but was not then in jail, if he wanted to tell them the truth. "I said 'Now you do not have to tell anything, but if you tell anything I want it to be the truth, because that is all we want out of you.' He says all right." "We started the conversation off, I believe, by Mr. Gormley saying 'Well Meyer, you are at it again' I do not recall the exact words. Meyer grinned. I said 'You and Jackson both had this still out on Colorado boulevard.'" He then detailed the defendant's statement as to his connection with the distilling plant.

Gormley testified as follows: "We went down there to talk to young Turner and ask him about this still * * * and I asked him to tell us what his connections were with this still; with the operations of it." He further testified that Gates' testimony above mentioned stated substantially the conversation had with the defendant, and that there were no threats, menacing gestures, or anything of that sort used when the statement was made by the defendant.

*Bram v. United States,* 168 U. S. 532, 18 Sup. Ct. 183,

42 L. Ed. 568, contains a very full discussion of the question of confessions. An English case is quoted to the effect that:

"A simple caution to the accused to tell the truth, if he says anything, has been decided not to be sufficient to prevent the statement made being given in evidence; and although it may be put that when a person is told to tell the truth, he may possibly understand that the only thing true is that he is guilty, that is not what he ought to understand. He is reminded that he need not say anything, but if he says anything, let it be true. It has been decided that that would not prevent the statement being received in evidence."

It is in that case stated that in the Federal courts it is settled "that the mere fact that the confession is made to a police officer, while the accused was under arrest in or out of prison, or was drawn out by his questions, does not necessarily render the confession involuntary, but, as one of the circumstances, such imprisonment or interrogation may be taken into account in determining whether or not the statements of the prisoner were voluntary. * * * And this rule, thus by this court established is also the doctrine upheld by the state decisions."

In *Reagan v. People,* 49 Colo. 316, 112 Pac. 785, a chief of police asked the defendant the following question:

"Now Mr. Reagan, will you give us the correctness of this thing? I want the straight facts. I don't want anything but the straight facts. * * * Now tell me what you know about this, what there is to it. Don't keep a thing back but tell the truth."

And after the defendant had made a statement the question was, "Are you willing to swear to it?" to which he replied he was. It was held in that case that the confession was voluntary and the court said:

"The mere fact that the confession was elicited by questions, is not sufficient to render it inadmissible. The questions were not of a character or propounded under circumstances and in a manner either to coerce or persuade. In

other words, the fact that the confession was obtained in response to questions involving no threats, intimidation, menace or inducement to the prisoner, * * * did not render .the confession inadmissible.

The defendant was not warned by the chief of police that his confession might be used against him, but that is of no moment when it appears that it was voluntary."

The evidence in question was properly admitted.

For plaintiff in error it is contended that there was no competent evidence to establish the fact of a former conviction of the defendant. Reference is made to chapter 98 of the laws of 1915, which provides that:

"A certified copy of the entry or judgment, or other proper court record, showing the former conviction of the defendant, from any justice, county or district court within this state, shall be conclusive proof of a former conviction."

It is insisted that the record of the justice court, not being sufficient of itself to prove the conviction, and the state having been permitted to resort to oral testimony, the conviction was not legally established. The right to introduce oral testimony is denied.

It should be observed that the statute quoted in no sense excludes testimony other than that by the record. It simply makes the record conclusive proof. Under the decisions in this jurisdiction a record of a justice of the peace establishes the facts therein set forth *prima facie,* and there is no rule of law which prevents such record being supported by oral testimony.

In *Squires v. Detwiler,* 45 Colo. 366, 101 Pac. 342, it was held that such a record may be impeached. Certainly if it can be impeached, it may be supplemented.

The rule contended for by plaintiff in error would render it practically impossible to prove a former conviction before a justice of the peace, inasmuch as a justice court is not a court of record, and in many cases the evidence of what was done in such court lies in parole.

The evidence of a former conviction is ample to support the verdict. The judgment is therefore affirmed.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.