## No. 10,880.

### GOODFELLOW *v.* THE PEOPLE.

Decided April 7, 1924.

Plaintiff in error was convicted of receiving stolen goods.

*Affirmed.*

*On Application for Supersedeas.*

1. CRIMINAL LAW.—*Evidence—Statements of Defendant.* In a prosecution for receiving stolen goods, statements of defendant, held voluntarily made and admissible in evidence.

2.      *Receiving Stolen Goods—Knowledge of Defendant.* In a prosecution for receiving stolen goods, the facts and circumstances together with defendant's admissions, held sufficient to justify the jury in finding that defendant had knowledge of the theft at the time he received the stolen article.

3.      *Evidence—Other Offenses.* The general rule .is that evidence of other offenses cannot be admitted; but where it is sought to show guilty knowledge, as in a case of receiving stolen property, such evidence is admissible.

4.      *Stolen Goods—Corporate Owner—Proof.* In a criminal prosecution where it is alleged that the owner of stolen property was a corporation, it is only necessary to establish the de facto existence of the corporation on the trial.

5.      *Misconduct of, District Attorney.* One cannot provoke a situation and then escape the consequences by placing the responsibility upon the other party.

6.      APPEAL AND ERROR—*Instructions—No Objection Below.* Assignments of error based on instructions given by the court, will not be considered where no objection was made to the instructions before they were given, as required by rule 7 of the Supreme Court.

7.      INSTRUCTIONS—*Requests.* There is no error in the refusal of requested instructions which are covered by instructions given by the court.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Mr. GEORGE B. CAMPBELL, for plaintiff in error.

Mr. WAYNE C. WILLIAMS, Attorney General, Mr. JOSEPH P. O'CONNELL, Assistant, for the people.

*Department Three.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

THE defendant was convicted of receiving stolen goods, a Ford sedan, and sentenced to the state reformatory. He brings the case here and moves for a supersedeas. He contends that the trial court erred in admitting in evidence exhibits D and E. These exhibits were statements in writing, consisting of questions and answers, signed and sworn

to by the defendant, and made after he had been arrested and placed in jail. The statements were made in the presence of several persons, and, according to the weight of the evidence, were made freely and voluntarily, and without threats or promises made to secure them. It is true that Low, a detective in the automobile department of the city, testified that he accused defendant of stealing the cars, the Ford sedan and the Oldsmobile, hereinafter mentioned, and that he would send defendant to the pen for stealing them. Then the witness further said, "I did not tell him I would send him to the pen if he did not make this statement." I told him if he "stole the cars he would go to the big house." The statements contained a warning to defendant that whatever he said might be used against him. It does not appear, except from defendant's own evidence, that what Low said to him influenced the defendant to make the statements. There was sufficient evidence from which the court could, and did, find that the statements D and E were voluntarily made and we think they were properly admitted. *Turner v. People,* 73 Colo. 184, 214 Pac. 390.

Exhibit D contained an admission that defendant knew when he received the car that it was stolen, and that two days afterwards he removed the numbers from the block. On the witness stand the defendant denied knowing when he received it that the car was stolen, and said that his admission in exhibit D was not true, and that he did not realize when he signed the statement that it contained an admission of guilty knowledge. The defendant claimed that he received the car on August 15, 1923, and did not know it was stolen until August 18, when Wilson, who was charged with the theft, told him that it was a stolen car, and asked him to remove the numbers from the block.

Direct proof of knowledge of theft is seldom obtainable, and there were sufficient facts and circumstances, in the instant case, together with defendant's admissions, from which the jury could find that defendant had knowledge of the theft at the time he received the car.

The defendant objected to the introduction of exhibit E, in evidence, for the further reason that it related to another offense, distinct and apart from the one for which he was being tried, *i. e.*, exhibit E related to stripping of the parts from an Oldsmobile belonging to Maud Barron and the sinking of the body of the car in Horseshoe lake, all of which occurred about the 11th of June, 1923. It appears, from the record, that Wilson and the defendant took the Oldsmobile about 8 p. m., when the owner was not present, and took it to Horseshoe lake, stripped it of its parts, submerged the body of the car in the lake, put the parts in the Ford car driven by defendant, and returned to the city. The defendant claimed that Wilson told him that Mrs. Barron had asked him, Wilson, to thus dispose of the car, and that Wilson had promised to give the defendant the tires, if the defendant would help dismantle and sink it, which he did, and that Wilson delivered him the tires from the Oldsmobile as promised.

The record discloses that Wilson had stolen the Ford sedan about June 27, 1923 and disposed of it to defendant in August following the Oldsmobile transaction.

We think exhibit E, and other evidence concerning the Oldsmobile transaction, were competent evidence, and properly admitted as tending to establish guilty knowledge on the part of the defendant when he received the stolen sedan.

The general rule is that evidence of other offenses cannot be admitted; but there are many exceptions, and where it is sought to show guilty knowledge, as in a case of this character, the evidence has been admitted. *Goldsberry et al. v. State,* 66 Neb. 312, 92 N. W. 906; *State v. Ward,* 49 Conn. 429, 440; *Lipsey v. People,* 227 Ill. 364, 379, 81 N. E. 348; *People v. Doty,* 175 N. Y. 164, 67 N. E. 303; *Beuchert v. State,* 165 Ind. 523, 527, 76 N. E. 111, 6 Ann. Cas. 914.

In *Beuchert v. State, supra,* the court said: "* * * But this court, and what seems to be the decided weight of authority, have approved the doctrine that in trials for receiving stolen goods evidence tending to prove that other

stolen goods were found in the possession of the defendant at the time, or prior to the receiving complained of, is competent to be considered with all the other evidence in the case on the question of guilty knowledge."

The defendant also contends that the corporate existence of the corporation alleged to be the owner of the stolen sedan, was not established. The weight of authority seems to be that it is only necessary to establish the *de facto* existence of a corporation on the trial of a criminal case. *Miller v. People,* 13 Colo. 166, 168, 21 Pac. 1025. The *de facto* existence of the corporation in the instant case was clearly proven.

Complaint is also made that there was misconduct on the part of the district attorney in his argument to the jury relative to the punishment. Affidavits were filed from which the court found that the remarks of the district attorney were made in reply to the argument of defendant's counsel. In this finding there was no error. One cannot provoke a situation and then escape the consequences by placing the responsibility upon the other party. 16 C. J. 1143; *Price v. State,* 137 Ga. 71, 72 N. E. 908.

As to the remarks of the district attorney concerning the sinking of the Oldsmobile to defraud the insurance company, the court held the facts to be as stated in the affidavit of Wettengel and that the remarks were proper. In this we think there was no error.

The defendant assigns error on the giving of instructions 6, 7, and 8 but these assignments cannot be considered. No objection was made to these instructions before they were given as required by rule 7. There was also no error in the refusal of the court to give the instruction requested by defendant as it was covered by the instructions given.

Finding no error in the record, the supersedeas is denied and the judgment affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE CAMPBELL concur.