No. 13,715.

PEOPLE EX REL. ATTORNEY GENERAL *v.* BENTALL.

(51 P. [2d] 352)

Decided October 28, 1935.

Mr. PAUL P. PROSSER, Attorney General, Mr. WALTER F. SCHERER, Assistant, for petitioner.

No appearance for respondent.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

RESPONDENT is an attorney of this court heretofore in good standing. The committee on grievances of the Colorado Bar Association, as in duty bound under such circumstances, brought to our attention the fact of respondent's conviction of a felony; whereupon, as directed by us, the Attorney General, on April 18, 1935, filed in this court his information stating the fact, supported by duly certified copies of the record, and prayed disbarment. Respondent was served and given thirty days to answer. May 18, he requested an indefinite continuance because he was then confined in the penitentiary. May 20, the Attorney General filed objections thereto and these respondent answered. May 28, the continuance was denied and July 16, no answer having been filed, the Attorney General moved for judgment as by default. Three

days later, in a communication to the court, respondent acknowledged receipt of copy of the motion, stated he could do nothing more during his confinement, and again requested a continuance until he should be released from custody. Thereafter time for answer was extended by the court to October 1, 1935. That date passed some three weeks since and no answer has been filed. No reasonable alternative remains to the court, hence the Attorney General's motion for judgment as by default is hereby granted.

The certified record before us discloses two informations charging the making of false reports of a building and loan association, six charging embezzlement, and a plea of guilty to each with sentences running from a minimum of three, to a maximum of ten, years some concurrently, others consecutively. As to this record respondent, in his communication to the court, says: "The records on which these proceedings are based are probably correct in form." We thus have a clear case of an attorney now confined in the penitentiary under judgments based upon his pleas of guilty to eight felonies to which judgments no writ of error has ever been sued out. Disbarment is inevitable.

The judgment of this court therefore is that respondent's name be stricken from the roll of attorneys and that he be and hereby is disbarred from further practicing law in this state.