No. 18,916.

PEOPLE OF THE STATE OF COLORADO, EX REL. COLORADO
BAR ASSOCIATION *v.* DAVID W. SARVAS.

(342 P. [2d] 669)

Decided July 13, 1959.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK
E. HICKEY, Deputy, for relator.

Mr. DAVID W. SARVAS, pro se.

*En Banc.*

MR. JUSTICE HALL delivered the opinion of the Court.

THIS is an original proceeding for disbarment insti-
tuted by the Attorney General acting pursuant to an
order of this Court. The complaint charges the Respond-
ent, an attorney licensed by this Court to practice law
in the state of Colorado, on the 19th day of March 1934
with:

1. Having received in September and October 1957

the sum of $3900.00, as attorney in settlement of a claim of his client; that of said amount Respondent rightfully withheld his agreed fee of $200.00, paid to his client $1100.00, and without right, claim or authority retained and converted to his own use the balance of $2600.00.

2. Having on December 2, 1957, accepted from a client the sum of $100.00 in consideration of which Respondent agreed to commence and prosecute a divorce action; that Respondent caused summons to be served, but never filed a complaint or other papers in court, and though his client extended time in which to get the case filed, the case was never filed. Respondent retained the $100.00 and his client had to employ and pay other counsel to do the work Respondent had agreed to do and for which he had accepted $100.00 as part payment.

In response to the citation and complaint issued and served on Respondent, the Respondent filed his answer denying the charges.

On January 15, 1959, this Court appointed a Referee to conduct a hearing, take testimony and make a report to this Court.

Such hearing was had on March 18, 1959, and at that time Respondent, contrary to the denials in his answer, admitted the matters charged and offered by way of explanation: lack of funds and earnings, army service that disrupted his practice, income tax troubles with attendant unfavorable publicity, falling off of business, the fact that he lost his office, equipment, files, etc., in a fire that destroyed the building in which his office was located, pressure of creditors and mental strain.

The Referee recommended that decision be held in abeyance for a period of six months and if Respondent, during said period, demean himself in keeping with a lawyer's duty and reimburse his clients for the amounts improperly withheld, that the complaint be dismissed.

We are not in accord with this recommendation. Respondent admits that he collected and without authority kept and spent some $2600.00 of his client's money.

This is not a case of commingling of funds or technical conversion, but rather a case of admitted embezzlement whereby the client has lost $2600.00, and which amount Respondent has used for his own purposes — Respondent has done the very thing that John Doe did and for which he is confined in the penitentiary. Such actions are proof of his lack of worthiness to continue to practice law or retain a license so to do.

Privileges granted to those licensed to practice law are coupled with continuing duties and obligations to clients and the public. One may not continue to enjoy the privileges and ignore his duties to the extent of embezzling his client's funds — one so offending forfeits his privileges and license.

It is the judgment of the Court that Respondent be and he is disbarred from the practice of law in the state of Colorado, and his name is hereby ordered stricken from the roll of attorneys in Colorado.

MR. JUSTICE FRANTZ and MR. JUSTICE DOYLE dissent.

MR. JUSTICE DAY does not participate.

MR. JUSTICE DOYLE dissenting:

I respectfully dissent from the views expressed and the conclusion reached in the majority opinion.

I do not disagree with the Court's conclusion that respondent stands convicted of professional misconduct. The facts showing misuse of client's money are clear beyond any shadow of doubt.

Nor can there be any quarrel with the statements that a lawyer's duty is indeed a high one and that the moral standards applicable to him are, by reason of the attorney-client relationship and the attendant trust, higher and more strict than those applicable to others. It is, of course, axiomatic that this Court must be alert and vigorous in condemning and punishing professional misconduct in the interests of the public.

My differences with the opinion of the majority are two.

First, the jurisdiction in question should not be exercised mechanically. The death penalty, so to speak, should not be imposed in every case regardless of mitigating facts and circumstances. Punishment less than disbarment is often proper and in my opinion would be here appropriate. The Referee recommended something in the nature of probation and it seems to me that this or definite suspension would better "fit the crime" than disbarment. The mitigating circumstances which created the pressures which led to the conduct in question should have been considered. The fact that the complainant and his counsel recommended leniency and requested that a restitution program be followed is, in my opinion, entitled to great weight.

Secondly, I disagree with the characterization of the majority to the effect that the acts constitute embezzlement. We should not brand the respondent an embezzler where there is no such adjudication. While the "John Doe" comparison might have popular appeal, it is not in accord with the procedure followed in criminal cases. Probation is regularly available to first offenders. In fact, prison is the exception rather than the rule.

Our duty to the public is not discharged by mechanically condemning in cases such as this. We also serve the public by seeking to redeem and salvage the wrongdoer so that he can achieve and maintain his position in society. I am not convinced that respondent in this case is beyond redemption. In my opinion, we could and should solve the case in the manner suggested.

MR. JUSTICE FRANTZ concurs in the dissent.