No. 18,427 - 18,475.

PEOPLE OF THE STATE OF COLORADO, EX REL. COLORADO BAR ASSOCIATION *v*. RAYMOND D. BUCKLES.

(343 P. [2d] 1046)

Decided September 14, 1959.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. RICHARD M. SIMON, for relator.

Mr. IRVING P. ANDREWS, for respondent.

*En Banc.*

MR. CHIEF JUSTICE KNAUSS delivered the opinion of the Court.

THESE two original proceedings based on complaints filed by the Colorado Bar Association seeking disbar-

ment of respondent, a member of the Colorado Bar, were instituted by the Attorney General. After issue was joined the Honorable David Brofman was appointed as Referee to hear testimony and report his findings and recommendations. A full and complete hearing was had before the Referee who has submitted his report and recommendations in the cases.

Case No. 18,427, referred to as the Gisi matter, need not be referred to herein even though the respondent's conduct in that matter was unethical, unwarranted and contrary to his obligations as a member of the Bar.

Case No. 18,475 involves respondent's conduct with reference to his clients Manville L. Bunch and Dee Jay Byrnes, who about May 1956 employed respondent to prosecute and collect their respective claims arising out of an automobile accident in which they were injured. It appears that Mr. Bunch was very seriously injured and was confined in a Veterans Administration Hospital in Memphis, Tennessee. After respondent undertook to represent these parties they from time to time made inquiry concerning the progress being made in their cases, but received no satisfactory responses from respondent. In July 1957 they employed other counsel to look into the matter and about mid-August 1957 such counsel discovered that both claims had been settled without the knowledge or consent of respondent's clients or either of them. It appears that about December 8, 1957, an insurance company settled with respondent the Byrnes claim and issued its check for $3800 payable to Byrnes, his wife and respondent, which check or draft was cashed by respondent and a purported release of all claims of Byrnes delivered to said insurance company. The release was not signed by the Byrnes, or either of them, nor did they endorse the check delivered to respondent in settlement of the claim. The evidence discloses that neither of the Byrnes authorized anyone to execute the release or to endorse the check.

It also appears that about March 19, 1957, an insur-

ance company issued its check or draft to Manville Bunch and respondent as his attorney in the sum of $6500, which was delivered to respondent upon receipt from him of a supposed release of Bunch's claim for damages, all of which took place without the knowledge or consent of Bunch, who did not sign the release, or authorize respondent to do so, nor did he endorse the check or receive the proceeds of the settlement. It is apparent the signature of Bunch to said release and the endorsement on the $6500 check were affixed by respondent or someone at his direction and with his knowledge. Respondent negotiated and collected the proceeds of the $6500 check or draft and converted the proceeds to his own use without the knowledge or consent of Mr. Bunch.

The record also discloses that Bunch had a claim for medical benefits against a Casualty Company on account of the injuries he had sustained; that respondent without the knowledge of his client collected this claim during the month of August 1956, receiving a draft payable to Bunch in the sum of $500 and in return therefor delivered to the Casualty Company a release purportedly signed by Bunch, which release was in fact either signed by respondent or by some other person at his direction. The draft was likewise endorsed with the name of Bunch, and respondent received the proceeds thereof and converted same to his own use.

It also appears that Bunch received from a labor union in which he was a member the sum of $828.90 from the union's welfare fund which Bunch delivered to respondent with directions to apply the proceeds on a hospital bill which Bunch had incurred at a Denver Hospital. About August 21, 1956, respondent delivered his personal check to the hospital referred to, but on presentation at the bank upon which the check was drawn payment was refused for insufficient funds. In September 1957, through the intervention of another attorney the hospital account was paid, less a commission of twenty-

five per cent paid to the attorney who made collection.

In July 1957, as stated above, Bunch employed other counsel to investigate the status of his claims and respondent admitted to this attorney that he had used the moneys he had collected for his own purposes, and in September 1957 paid to Bunch the several amounts collected by him on behalf of Bunch.

Respondent did not appear before the Referee in person, but was represented by counsel. The Referee found the facts as above recited and recommended that respondent be disbarred. The record amply supports the findings of the Referee.

We deem it unnecessary to recite Respondent's failure to respond to the usual processes of this court, or his attitude in connection with preliminary matters which resulted in an order of this court suspending him from the practice of law until further order of court. Suffice it to say that his conduct as outlined here constitutes as flagrant a violation of his obligation as a member of the Colorado Bar as can be imagined. When respondent was faced with the facts he finally made restitution, but he cannot hide behind that belated action. Repayment does not do away with the fraudulent aspects of conversion, and certainly does not absolve respondent from the consequences incident to the forgeries to which he was a party. *People v. Kwasigroch,* 357 Ill. 302, 192 N.E. 221; *In Re Thomson,* 3 Ill. 2nd 308, 121 N.E. 490; *People v. Hillyer,* 88 Colo. 428, 297 Pac. 1004.

The offenses charged are barren of mitigating circumstances. Respondent by his conduct, overwhelmingly established, has shown himself to be unfit to practice law. We would be remiss in our duty to the Bar and the public if we did not enter the following order:

It is ordered that the respondent be disbarred; his license to practice law in this state be revoked, and his name stricken from the roll of attorneys.

MR. JUSTICE DAY not participating.