No. 19,343.

PEOPLE OF THE STATE OF COLORADO v. KIRBY F. KISTLER.
(354 P. [2d] 1022)

Decided August 29, 1960.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, for complainant.

Mr. ARTHUR A. ZARLENGO, for respondent.

*En Banc.*

MR. CHIEF JUSTICE SUTTON delivered the opinion of the Court.

RESPONDENT, Kirby F. Kistler, on September 7, 1948, took the oath prescribed by law, subscribed the roll of attorneys of the Supreme Court and was duly admitted and licensed to practice law within the State of Colorado.

On January 5, 1960, the Attorney General of Colorado filed his Petition for Citation with this court to which was attached his written formal complaint against respondent, setting forth five separate complaints by clients charging respondent with unethical practices. Later an amended complaint was filed alleging in substance the same charges.

The matters complained of were first brought to this court's attention through various complaints filed with the Grievance Committees of the Denver and Colorado Bar Associations, which had directed requests to respondent that he file answers thereto and which he failed or refused to do.

Upon the matter being presented to this court, the charges were considered so grave as to warrant a prompt hearing to consider whether respondent should be suspended from the practice of law pending filing of his

written answer and full consideration of the charges. Such a hearing was held on February 8, 1960, after due notice, with respondent then appearing pro se and the Attorney General's office appearing to answer any questions asked. Following the hearing the court ordered the respondent's license to practice law suspended indefinitely pending final determination of the charges. The matter is now ready for decision. We note that respondent appears in the present proceeding by separate counsel.

A review of the pleadings filed, together with the transcript of testimony taken at the suspension hearing, can lead to only one conclusion, viz.; that respondent Kirby F. Kistler has so conducted himself as an attorney at law as to bring disrepute and censure upon, and at least partially destroy public confidence in, the profession of law.

Prior to the citation before this court Kistler had ignored proper inquiries into the complaints against him. At the hearing before this court he gave, in part, preposterous explanations of some of his affairs relating to the complaining clients. We need only refer to one of the numerous complaints against him to show that he must be forthwith disbarred from the practice of law in this state. One David Schmadeke had given respondent $8,000.00 as trustee for the purpose of paying off liens on certain real property he proposed to buy under a contract. There was a first deed of trust in the process of foreclosure against the property at the time. Mr. Kistler was unable to accomplish the purpose he was hired for because the foreclosure was completed. Following foreclosure Mr. Schmadeke came to Kistler's office and asked for the return of his money. We next quote from respondent Kistler's testimony before this court as to what happened. "The money had been put in a different account. I advised them I could get it (the money) out or that I could hold it for them, attempting to buy back the property from the holder of the trustee certificate."

"MR. JUSTICE HALL: What account was it put in? MR. KISTLER: What account? I am sorry, Your Honor. I don't know what account that was. MR. JUSTICE HALL: You put $8,000.00 in an account, and you don't know what account it was? MR. KISTLER: The individual account it was put in, that I don't know.

"MR. CHIEF JUSTICE SUTTON: How many accounts did you have? MR. KISTLER: At that time I had three or four accounts. I don't believe at that time when they came in to see me in October that I had $8,000.00 in cash. MR. CHIEF JUSTICE SUTTON: You say you don't believe you had $8,000.00 in cash? What happened to the $8,000.00 when you got it? MR. KISTLER: I got it in April of 1958. One of my friends was involved in a situation to where he was going to lose his house. I loaned him the money in August of 1958 with the idea of his redeeming it and his getting the property refinanced and returning the money. He never refinanced. I never got the money back.

"MR. JUSTICE HALL: Then you didn't put it in another account. MR. KISTLER: I didn't have it in another account at that time, no, sir. MR. CHIEF JUSTICE SUTTON: Did Mr. Schmadeke know anything about this until later? MR. KISTLER: Not until later."

It is obvious from this testimony that the respondent was attempting to mislead this court and lead it to believe that he had the money on hand when his client asked that it be returned. Subsequently when questioned he admitted that he had in fact converted the money to his own use.

Other testimony before us indicates that after Mr. Schmadeke made numerous demands upon respondent, both personally and later through other counsel employed for that purpose, a settlement was made whereby the claimant gave a full release and received part reimbursement in cash and part in monthly payments from property furnished by respondent. Respondent Kistler takes the position that having so secured himself on this

matter that we should thereby ignore his illegal prior conduct in unlawfully converting the funds in question to his own use. We cannot countenance such an illogical proposition.

■ The practice of law is a privilege, highly esteemed and respected. Attorneys who violate the trust of their clients by the embezzlement of their funds, as here occurred, not only are guilty of criminal violations but also of an utter breach of faith to the public, to the courts, and to their fellow lawyers. Respondent's conduct cannot be condoned by this court and no later release of civil liability given by his client removes the stigma of his conduct. His own admissions, which justified his suspension pending final determination of the charges, show him to be unfit to engage in the practice of law. His subsequent written answer to the charges has failed to explain away or justify his conduct.

It is ordered that the respondent be disbarred, his license to practice law revoked and his name stricken from the roll of attorneys.

MR. JUSTICE FRANTZ not participating.