No. 19,891.

PEOPLE OF THE STATE OF COLORADO *v.* JOHN E. BELL.

(372 P. [2d] 436)

Decided June 11, 1962.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. WILLIAM C. McCLEARN, of the Colorado Bar, for the People.

Mr. CHARLES GINSBERG, for Respondent.

*En Banc.*

MR. JUSTICE McWILLIAMS delivered the opinion of the Court.

THIS is an original proceeding in disbarment against John E. Bell, who is hereinafter referred to as the respondent.

By complaint filed with the Grievance Committee of this Court it was alleged that respondent was admitted to the Bar of Colorado by this Court on September 7, 1948, and that since this date he has been, and now is, a member of the Bar of this Court. It was generally averred that the respondent "has committed acts contrary to the highest standards of honesty, justice and morality." More specifically he was charged with embezzling and converting to his own use the sum of $16,725.00 lawfully in his possession as administrator with the will annexed of the estate of one Ladnor M. Moore, deceased, whose last will and testament had been duly admitted to probate in the County Court of Cheyenne County, Nebraska, on January 29, 1957. The complaint prayed that citation issue requiring respondent to answer the allegations of the complaint and for such further proceedings and disciplinary action as the circumstances of the case might demand.

Citation issued and respondent answered, admitting his admission to the Colorado Bar in 1948 and his appointment as administrator of the estate of Ladnor M. Moore, but denying any wrongdoing on his part. He specifically denied converting to his own use any funds of the Moore estate. On the day the matter was set for hearing before the Grievance Committee, respondent withdrew his answer and admitted all of the allegations in the complaint, and additionally stipulated to the admission of certain documents. Respondent then testified as to the circumstances surrounding the acts complained of, hopeful no doubt that such would prove to be of a mitigating nature.

It developed at the hearing that respondent at the age of three was permanently and severely crippled by polio but that he subsequently overcame the effects of this physical handicap, eventually graduated from law school and was admitted to the Colorado Bar. Since his admission respondent has practiced in the Fort Morgan-Brush area, is married and the father of four minor children.

In explanation of the actions here under consideration respondent testified that he and Ladnor M. Moore had been close personal friends and as such had engaged in several joint business ventures. He freely admitted that he had indeed converted to his own use funds of the Moore estate in the amount of $16,725.00, but asserted that he regarded such to be more in the nature of a "loan," than an act of embezzlement. The conversions took place over a period of several years and the ill-gotten gains from these acts of criminality were used to pay respondent's living expenses, remodeling of his home, and the like. Respondent expressed his intention to make complete restitution and in this regard said he had already repaid some $13,000 to the Moore estate.

The Grievance Committee in its report to this Court made findings of fact to the effect that the allegations of the complaint were true, concluded that respondent "is guilty of gross professional misconduct in his services as administrator with will annexed of the estate of Ladnor M. Moore, deceased, contrary to the highest standards of honesty, justice and morality in the conversion to his own use of the sum of $16,725.00 in cash assets of said estate" and recommended that he be disbarred.

■ In a proceeding of this nature it is perhaps trite, but nevertheless true, to observe that disciplinary action to be taken in a given case must in the final analysis depend upon the facts and circumstances of that particular case, and where a prior comparable case exists it should be resorted to for guidance in order that some degree of uniformity may be approximated. See *People ex rel. Dunbar v. Weinstein,* 135 Colo. 541, 312 P. (2d) 1018 and *People ex rel. v. Heald,* 123 Colo. 390, 229 P. (2d) 665.

■ In the instant case respondent confessed to the commission of a succession of embezzlements. His excuse or explanation therefor is wholly devoid of merit. He has made substantial restitution, but as was said in *People ex rel. v. Buckles,* 140 Colo. 261, 343 P. (2d) 1046 "re-

payment does not do away with the fraudulent aspects of conversions." Respondent's physical disability is both real and substantial, but is not an excuse for his misdeeds. We would be remiss in our duty to the Bar and the public if we were simply to censure respondent and permit him to continue in his practice of law in this state. On the other hand we believe that there are some mitigating circumstances and that under all the circumstances outright disbarment would be too severe a penalty. Suffice it to say that all things considered, it is the order of this Court that respondent be, and hereby is, indefinitely suspended from the practice of law in this State.

MR. JUSTICE HALL dissents.

MR. JUSTICE HALL dissenting:

I dissent.

I am of the opinion that this court should adhere to its pronouncements in *In re Sarvas*, 140 Colo. 7, 342 P. (2d) 669, and *People v. Kistler*, 144 Colo. 62, 354 P. (2d) 1022, wherein it was held that one who embezzles his client's money forfeits his license to practice law.

The purpose of disciplinary proceedings is not to punish the offending lawyer, but rather to protect the public from one who has demonstrated unworthiness of the trust and confidence that should be a part and parcel of all attorney and client relationships.

The respondent should be disbarred from the practice of law in Colorado.