No. 22043.

RAYMOND D. BUCKLES *v*. THE PEOPLE OF THE STATE OF COLORADO.

(424 P.2d 774)

Decided March 6, 1967. Rehearing denied March 27, 1967.

Francis R. Salazar, Carl L. Harthun, for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, John P. Moore, Assistant, for defendant in error.

*En Banc.*

Mr. Justice Kelley delivered the opinion of the Court.

Plaintiff in error, Buckles, is here on writ of error to the District Court in and for the City and County of Denver. The trial court summarily denied his motion, under Colo. R. Crim. P. 35(b), to ". . . Vacate and Set Aside the Judgment and discharge the Defendant or grant a new trial." See *Buckles v. People,* 154 Colo. 357, 391 P.2d 873, wherein Buckles' conviction on a charge of receiving stolen property was affirmed.

Colo. R. Crim. P. 35(b) provides that ". . . *Unless the motion and the files and record of the case show to the satisfaction of the court that the prisoner is not entitled to relief.* . . ." he shall cause notice to be given and grant a hearing. (Emphasis added.)

Buckles relies on two propositions which he asserts entitle him to a reversal of the trial court's order. His first assignment of error challenges a ruling of the trial court in the proceedings which culminated in his conviction. At the conclusion of the People's evidence in that case, Buckles moved for a judgment of acquittal under Colo. R. Crim. P. 29. The trial court denied this motion and that ruling was one of the points raised by Buckles and decided adversely to him by this court in *Buckles v. People, supra.*

Rule 35(b) was not intended to provide a repetitive review of alleged errors.

The second assignment of error, as set forth in his motion to vacate, states:

"Defendant alleges that this Court effectively denied him due process of law and equal protection under the law by this Court's failure to proceed under the mandate of Rule 44 of the Colorado Rules of Criminal Procedure which requires that a defendant be advised of his right to counsel if he appears in Court without counsel and the failure of this Court to insure this Defendant's right to counsel or obtain an intelligent, conscious and knowledgeable waiver of such right in open Court and in the record and transcript, in direct violation and contravention of the Constitution of the State of Colorado, Article II, Section 16, and the Sixth and Fourteenth Amendments of the Constitution of the United States of America."

Under the state of the record in *Buckles v. People, supra,* and the facts of which the trial court and this court take judicial notice, it is surprising that this error is alleged. However, because of the allegation of the violation of his constitutional right to counsel, we feel compelled to document the basis for our affirmance of the trial court's ruling on this proposition.

In addition to the constitutional citations appearing in his motion to vacate, Buckles relies upon *Gideon v. Wainright,* 372 U.S. 335, and Colo. R. Crim. P. 44.

*Gideon v. Wainright, supra,* at page 344, construed the accused's right to counsel under the Sixth Amendment to mean that a defendant "who is too poor to hire a lawyer," must be provided with one, *"unless the right is competently and intelligently waived* [p. 340]." (Emphasis added.) Rule 44 in effect says the same thing.

The record in *Buckles v. People, supra,* shows that on September 7, 1962, one Francis O'Neill, who at that time was a licensed attorney of the bar of this court, entered his appearance as counsel for the defendant Buckles, filed a motion for reduction of bond, appeared for defendant's arraignment, and argued the motion for

a reduction of bond. On September 10, 11, 18 and 23, Mr. O'Neill made further appearances in behalf of Buckles in reference to pretrial motions.

 The trial began on February 5, 1963, and continued through February 8. Although the clerk's record shows Mr. O'Neill's appearance on each day of the trial, the clerk's record, on June 6, 1963, shows that the court entered an order,

". . . that the record in the above entitled case show that on the 29th day of January A.D. 1963, the said Defendant, RAYMOND D. BUCKLES, did appear in open Court, *waive counsel,* and did advise the Court that on all subsequent proceedings he would appear pro se. Further, the Court, of its own knowledge, knows that the Defendant herein did appear pro se on all subsequent proceedings and therefore orders that the records in the above entitled case be, and hereby are, amended in conformity therewith. . . ." (Emphasis added.)

In this connection we should also note that the reporter's transcript for the first day of the trial records the following:

"THE COURT: We have for trial this morning Case No. 50189, The People of the State of Colorado versus Raymond D. Buckles.

"MR. BUCKLES: The defendant is present in Court and prepared for trial Pro Se."

This court takes judicial notice of the fact that Buckles practiced law before this court and in the trial courts of this state and the United States courts in this jurisdiction for eight years, and that his principal area of activity was the defense of criminal cases; and further, that he was a competent practitioner.

It would be fanciful nonsense to say that Buckles did not understand any of his constitutional rights nor how to protect them. Moreover, it is clear from the record itself in *Buckles v. People, supra,* without the benefit of our judicial knowledge of his legal background, that Buckles knew of his right to counsel and competently

and intelligently waived it, both in the trial court and here.

It should be noted that in spite of the fact that Mr. Buckles has served his sentence both in the penitentiary and on parole, his counsel on this writ of error has requested that we rule on the issues raised.

The judgment is affirmed.