No. 22614.

HOMER BROWN AND OSWALD GLYMPH *v.* THE PEOPLE OF
THE STATE OF COLORADO.
(426 P.2d 764)

Decided April 24, 1967.

Plaintiffs in error, Pro Se.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY,
Deputy, JOHN P. MOORE, Assistant, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE MOORE delivered the opinion of the
Court.

PLAINTIFFS in error are here on writ of error to review
a judgment of the district court denying them relief
sought by their petition filed under the provisions of

Colo. R. Crim. P.35 (b), which deals with the general subject of "Post Conviction Remedy for Prisoner in Custody."

The "record" now before us consists of only a brief submitted to the trial court and the "Motion for Relief under Provisions of Rule 35 (b), Colo. R. Crim. Proc." which shows on its face that it was submitted to the trial court for determination without oral argument. It contains in the handwriting of the trial judge the statement, "Ct. having read Mo & Brief the same is denied."

In asking this court to reverse the judgment denying relief under the aforementioned rule, the plaintiffs in error rely on the single argument that at the time of their trial, which resulted in conviction and sentence to the penitentiary, certain evidence was improperly admitted inasmuch as it was the product of an unlawful search. The basis for this contention is that the affidavit used in support of an application for a search warrant failed to disclose facts upon which the issuing magistrate could have determined that the affiant had probable cause to believe that the narcotics to be searched for were located on the premises to be searched. Following the conviction of the plaintiffs in error, the judgment was reviewed on writ of error and was affirmed. *Brown and Glymph v. People*, 158 Colo. 561, 408 P.2d 981. From the record in that case, to which reference is made by plaintiffs in error in the instant case, it appears that no objection was made by the defendants to the admission of the evidence on the ground that the affidavit for issuance of the search warrant was invalid. It was raised for the first time on writ of error, and this court, in affirming the conviction, ruled that the contemporaneous objection rule applied. The effect of the decision in *Brown and Glymph, supra,* was that they had effectively waived their right to object to this evidence by not objecting at the time of its introduction. We hold that the contemporaneous objection rule applies

to search and seizure issues and the failure to raise the objection of an illegal search and seizure by proper objection at the trial level is tantamount to a waiver. *Buckles v. People*, 162 Colo. 51, 424 P.2d 774. The trial court properly denied the motion for relief under Rule 35(b).

The judgment accordingly is affirmed.