No. 23495.

Fred Baca *v.* William L. Gobin, Judge of the District Court, County of Otero, State of Colorado.

(441 P.2d 6)

Decided May 20, 1968.

Fred Baca, pro se.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, John P. Moore, Assistant, for respondent.

*En Banc.*

594

MR. JUSTICE PRINGLE delivered the opinion of the Court.

ON the 25th day of June, 1959, Fred Baca, the peti-. tioner herein, was found guilty by a jury of the crime of armed robbery. He was sentenced to a term of not less than 4 years nor more than 20 years in the state penitentiary. He was granted a free transcript, but did not sue out writ of error to that conviction.

In 1968, some eight years later, he sought to have counsel appointed by the trial court in order that he might belatedly bring writ of error to the judgment of conviction. The trial court denied Baca's request for counsel to appeal his original conviction, but, since there was an allegation that certain witnesses were not called who would have given testimony favorable to Baca, the trial court treated his petition as having been filed under Colo. R. Crim. P. 35(b), and granted an evidentiary hearing. Counsel was appointed to represent Baca at the Rule 35(b) evidentiary hearing and, after evidence of these witnesses was presented, the trial court denied the petition.

Thereafter, Baca brought a petition in the nature of mandamus here seeking the appointment of counsel to prosecute a writ of error to his original conviction. We issued a rule to show cause. We now discharge the rule.

Baca makes it very clear that he does not by this proceeding seek counsel to prosecute writ of error from the Rule 35(b) judgment, but rather to prosecute writ of error to the original judgment of conviction. Baca's failure to bring writ of error to his original conviction within the time limits prescribed by rules of this Court effective July 1, 1956, and at all times thereafter, effectively bars his writ of error to that conviction. *Johnson v. People*, 144 Colo. 516, 357 P.2d 69; *U. S. v. Robinson*, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259; *Peterkin v. U. S.*, 311 F.2d 219 (10th Cir.). There must, in the orderly processes of justice, be an end to litigation

at some time. We are even more adamant about this position since adoption of Rule 35(b), which provides for post conviction remedies to attack an unconstitutionally conducted trial although the time for writ of error has passed. We would not consider Baca's writ of error to his original conviction at this late date, and so it would be meaningless to appoint counsel to present such a writ of error. Baca's remedy, if he has been convicted by unconstitutional means, is through the Rule 35(b) procedure.

The Rule to Show Cause is discharged.

MR. JUSTICE GROVES not participating.