No. 18427.
No. 18475.

THE PEOPLE OF THE STATE OF COLORADO *v.* RAYMOND D.
BUCKLES, ATTORNEY RESPONDENT.
(453 P.2d 404)

Decided September 30, 1968.     Rehearing denied May 12, 1969.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, L. JAMES ARTHUR, Assistant, for the People of the State of Colorado.

RAYMOND D. BUCKLES, pro se.

*En Banc.*

MR. JUSTICE McWILLIAMS delivered the opinion of the Court.

ON March 10, 1950 Raymond D. Buckles, hereinafter referred to as the respondent, was admitted by this Court to the Bar of Colorado. Thereafter, on September 14, 1959, the respondent was by order of this Court disbarred and his license to practice law in this state was revoked, with his name being stricken from the roll of attorneys. *People v. Buckles,* 140 Colo. 261, 343 P.2d 1046. This disbarment came about as the result of a complaint concerning misconduct on the part of respondent occurring in 1956 and 1957.

On November 13, 1967 respondent filed with this Court a petition wherein he sought an order terminating his disbarment and reinstating his name on the roll of attorneys licensed to practice in Colorado. In this petition the respondent alleged that from 1959 till 1967 he had "kept himself constantly advised of the changes (both statutory and case law) in the jurisprudence of the state" and that in his view he had so rehabilitated himself as to warrant this Court to reinstate him to the practice of law.

In response to this petition to reinstate, the People filed a motion to dismiss, and as grounds therefor alleged that under the provisions of C.R.S. 1963, 39-10-17 respondent was "barred from reinstatement," inasmuch as he had been convicted in 1963 of a felony. In this

connection it was pointed out that respondent was convicted in 1963 of receiving stolen goods (C.R.S. 1963, 40-5-11) and that as a result of this conviction he was sentenced to serve not less than two years nor more than three years in the state penitentiary. This particular judgment and sentence, incidentally, was thereafter twice affirmed by this Court. *Buckles v. People,* 154 Colo. 357, 391 P.2d 873 and *Buckles v. People,* 162 Colo. 51, 424 P.2d 774.

C.R.S. 1963, 39-10-17, which is the statute relied upon by the People in support of their motion to dismiss respondent's petition, reads as follows:

"Subject to the constitution of the state, every person convicted of a felony shall from thenceforth be disqualified from holding any office of honor, trust or profit under the laws of this state, or practicing as an attorney in any of the courts of this state."

Respondent contends that the aforesaid statute is unconstitutional because, among other things, it offends Article III, of the Colorado constitution concerning distribution of powers. Additionally, it is claimed that the statute is also in conflict with Article VI, § 1 and 21 of our state constitution. Finally, respondent points out that R.C.P. Colo. 241 specifically provides this Court has "original and exclusive jurisdiction in all matters involving the licensing of persons to practice law, and of disciplinary proceedings when cause therefor arises . . . ."

■ Accordingly, the issue now to be resolved is the constitutionality of C.R.S. 1963, 39-10-17. It should be noted that this particular statute is not of recent origin, but is of long standing and even antedates by some eight years the admission of Colorado into the Union. Colo. Rev. Stat. § 199 (1868). And down through the years this Court has repeatedly and consistently held that by virtue of this statute an attorney who is convicted in Colorado courts of a felony is thereby precluded from practicing law in this state and must be disbarred. See

*People ex rel. Adams,* 26 Colo. 412, 58 P. 603; *People
ex rel. v. Bryce,* 36 Colo. 125, 84 P. 816; *People ex rel.
v. Cowan,* 88 Colo. 571, 298 P. 957; *People ex rel. Bentall,*
97 Colo. 526, 51 P.2d 352; *People ex rel. v. Laska,* 101
Colo. 221, 72 P.2d 693; and *People ex rel v. Moore,* 125
Colo. 571, 245 P.2d 467.

However, so far as we are advised, this is the first
time that the constitutionality of C.R.S. 1963, 39-10-17
has been placed in issue. Simply stated, respondent's
basic position in this regard is that the statute violates
the separation of powers doctrine as enunciated in
Article III of the Colorado constitution. He argues that
this Court has the *exclusive* right to prescribe the rules
and regulations for admission to the bar and to similarly
determine when cause exists for disbarment of one
theretofore admitted by the Court to practice law in this
state. And this right, according to the respondent, is
plenary in nature and under the separation of powers
doctrine is vested *solely* in the judiciary, to the end that
the legislature may neither directly nor indirectly reg-
ulate the issuing or revoking of a license to practice law.
In thus asserting respondent relies upon *Bar Ass'n v.
P.U.C.,* 154 Colo. 273, 391 P.2d 467; *In re Bar Association,*
137 Colo. 357, 325 P.2d 932; and *Conway-Bogue v. Bar
Association,* 135 Colo. 398, 312 P.2d 998.

It is quite true that in the three cases cited im-
mediately above we did hold that under Article III of
the Colorado constitution this Court does have the ex-
clusive power to define and regulate the practice of
law and to determine the qualifications for admission of
persons to practice law, as well as the correlative right
to discipline those licensed by us to practice law. How-
ever, it should be observed that in none of these cases
were we concerned with the statute here under attack;
and furthermore the general principles enunciated
therein - - - which we now reaffirm - - - are not in our
view dispositive of the precise issue now before us.

C.R.S. 1963, 39-10-17 declares, in effect, that a person

convicted of a felony, and who thereby subjects himself to a sentence to the state penitentiary, shall also suffer an *additional* penalty therefor, namely, that he be disqualified from holding any office of honor, trust, or profit under the laws of this state, and that he be also disqualified from practicing as an attorney in any of our state courts. In other words, this disqualification constitutes a part of the *total* penalty prescribed by the legislature for anyone convicted of a felony.

Most certainly this statute in nowise interferes with our exclusive right to determine the rules and regulations which shall govern those seeking admission to our bar. Nor do we regard the statute as impinging in any real sense upon our further right to discipline those licensed by us to practice law. Rather, we regard this as simply an effort by the legislature under its police power to bar convicted felons from practicing law in our courts. And this, we hold, the legislature has the power to do. In support of our ultimate conclusion that C.R.S. 1963, 39-10-17 does not violate the separation of powers doctrine, see Annot., 66 A.L.R. 1512-15; 32 A.L.R. 1068-70; *Brydonjack v. State Bar,* 208 Cal. 439, 281 P. 1018; *Re Collins,* 188 Cal. 701, 206 P. 990; *In re Day,* 181 Ill. 73, 54 N.E. 646; *State v. Cannon,* 206 Wis. 374, 240 N.W. 441; and *In re Saddler,* 35 Okla. 510, 130 P. 906.

The Petition is therefore denied.

Mr. Justice Groves concurs in the result.