No. 23236.

THE PEOPLE OF THE STATE OF COLORADO *v.* JAMES DEE BRADLEY.
(455 P.2d 199)

Decided June 9, 1969.

Robert R. Gallagher, Jr., for plaintiff in error.

L. Thomas Woodford, John A. Purvis, for defendant in error.

*In Department.*

Opinion by Mr. Justice Pringle.

THIS case is before us on an agreed statement of facts. On or about December 27, 1962, James Dee Bradley, together with three other persons, was charged in a four count information with the crimes of larceny, burglary, conspiracy to commit larceny and conspiracy to commit burglary. Bradley was convicted on all four counts and was sentenced to consecutive sentences on each of the four counts.

Bradley thereupon brought writ of error to this Court, which affirmed the conviction. *Bradley v. People,* 157 Colo. 530, 403 P.2d 876. The issue of illegal sentences was not raised by Bradley or considered by the Court in that decision.

Thereafter Bradley filed a motion to vacate the sentence, contending that the sentence, as imposed, was illegal. The trial court vacated the sentence imposed upon the conviction of conspiracy to commit burglary, and ordered that the sentence for that crime should run concurrently with the sentence on the crime of conspiracy to commit larceny. The People seek to reverse that judgment, contending (1) that Bradley should have raised the question of illegal sentence on his writ of error, and cannot now resort to the remedy set forth in Colo. R. Crim. P. 35, and that (2) the conspiracy to commit burglary and the conspiracy to commit larceny constituted two separate and distinct crimes and therefore the consecutive sentences imposed for them were not illegal.

I.

Rule 35 (a) provides that where a sentence is illegal the sentencing court may correct it *at any time.* There is no requirement contained in the rule that such a matter must be raised on writ of error from the conviction or be thereafter waived. Moreover, this Court no longer adheres to the letter of Rule 35 (b) which provides that constitutional error must be of a sort not effectively subject to review on writ of error from the conviction. We are now committed to the philosophy

that error consisting of a violation of constitutional rights of a prisoner may be raised in a 35 (b) proceeding so long as it was not previously raised and disposed of on writ of error. See *De Baca v. District Court,* 163 Colo. 516, 431 P.2d 763; *Segura v. People,* 163 Colo. 491, 431 P.2d 768; *Brown v. People,* 162 Colo. 406, 426 P.2d 764; *Lauderdale v. People,* 162 Colo. 36, 424 P.2d 373; *Buckles v. People,* 162 Colo. 51, 424 P.2d 774, where we have heard constitutional issues in 35 (b) proceedings and decided them on their merits, although the same issues could have been effectively raised on writ of error to the conviction. See also, *Baca v. Gobin,* 165 Colo. 593, 441 P.2d 6. We hold that Rule 35 was an appropriate procedure to attack the validity of the sentence invoked here.

## II.

■■ The only other question before us is whether the trial court acted properly in vacating the consecutive sentence imposed on the charge of conspiracy to commit burglary. Nothing is more clear than the proposition that conspiracy constitutes a single offense, although the agreement upon which the charge is founded contemplates the performance of several criminal acts. As early as 1897, in *Hamilton v. People,* 24 Colo. 301, 51 P. 425, we pointed out that one conspiracy results although the agreement, if carried out, may result in two or more offenses. Pointing out that the gist of the crime of conspiracy is the agreement, the federal courts have persuasively held that one conspiracy does not become several because it may involve the violation of several statutes. *Braverman v. United States,* 317 U.S. 49, 63 S.Ct. 99, 88 L. Ed. 23; *John Gund Brewing Co. v. United States,* 206 F. 386.

In *Braverman, supra,* Chief Justice Stone, speaking for a unanimous court, stated:

"* * * Whether the object of a single agreement is to commit one or many crimes, it is in either case that agreement which constitutes the conspiracy which the

statute punishes. The one agreement cannot be taken to be several agreements and hence several conspiracies because it envisages the violation of several statutes rather than one. * * *"

"* * * The single agreement is the prohibited conspiracy, and however diverse its objects it violates but a single statute . . . . For such a violation, *only the single penalty provided by the statute can be imposed.*" (Emphasis added.)

 So, here, the conspiracy violated but a single statute, that is, C.R.S. '53, 40-7-36, and so only a single penalty could be imposed. The principle that no one shall be twice put in jeopardy is guaranteed in the Fifth Amendment to the Constitution of the United States, and Article 2, Section 18 of the Colorado constitution prohibits double punishment for the same crime. *Ex Parte Lange,* 85 U.S. (18 Wall.) 163; *Murphy v. United States,* 285 F. 801. The trial court was correct in vacating the sentence for conspiracy to commit burglary.

The judgment is affirmed.

MR. CHIEF JUSTICE MCWILLIAMS, MR. JUSTICE KELLEY and MR. JUSTICE GROVES concur.