[No. 1703.]

STRASSHEIM v. COLE ET AL.

1. PRACTICE—TRIAL—OBJECTIONS.
Where on appeal it does not appear that appellant objected in the trial court to the manner of trial or to the method adopted to ascertain the facts, such objections cannot be raised in the appellate court.

2. APPELLATE PRACTICE—ABSTRACT OF RECORD.
The appellate court will confine its investigation on behalf of the appellant or plaintiff in error to the abstract of the record furnished by him.

3. APPELLATE PRACTICE—ASSIGNMENTS OF ERROR—EVIDENCE.
Assignments of error that merely state that " the court erred at the trial in receiving incompetent testimony over the objection and exception of appellant," and " the court erred in rejecting competent evidence in the case, offered by appellant," are not sufficiently specific to raise such questions on appeal.

4. APPELLATE PRACTICE—PRESUMPTION.
Where on appeal the abstract shows that a judgment was rendered but fails to show the proceedings of the trial court, it will be presumed that the proceedings were correct and the judgment will be affirmed.

*Appeal from the District Court of Garfield County.*

Mr. EDWARD T. TAYLOR and Mr. C. W. DARROW, for appellant.

Mr. JOHN A. EWING and Mr. FRANK M. GODDARD, for appellees.

THOMSON, J.

On the 30th day of October, 1894, the appellees purchased from the appellant a tract of land in Garfield county. The terms of the sale were $500 in cash, and three notes for $1,000 each, payable respectively on the 10th day of February, 1895, the 10th day of July, 1895, and the 10th day of July, 1896, with interest from date at twelve per cent per annum. These notes were payable to Adolph Baer, and were secured by a trust deed upon the land. The two first named notes, with the interest, were paid ; no payment was made on the other. .

On the 10th day of July, 1896, the appellees filed their complaint against the appellant and Theodore Rosenberg and Adolph Baer, alleging that they were induced to make the purchase by the representation of the defendant Strassheim, believed and relied upon by them, that a vein or deposit of coal, which he was then engaged in mining, was situated upon the land and was part of it, whereas it was not situated upon the land, and was no part of it. The complaint further alleged that the representation was fraudulently made for the purpose of cheating the plaintiffs ; that the defendant, Rosenberg, aided and abetted Strassheim in his fraudulent scheme ; that the property conveyed was not worth to exceed $500, and that the unpaid note was still in the hands of the defendant Baer. The plaintiffs prayed a decree against Baer cancelling the note, judgment against Strassheim and Rosenberg for $2,000, the damages alleged to have been sustained, and a temporary injunction restraining Baer from disposing of the note until the final hearing. The defendants, Strassheim and Rosenberg, denied the fraudulent conduct charged against them.

It is assigned for error that the case was tried as a suit in equity, whereas it was a suit at law; that the court erred in submitting certain questions to the jury, instead of the whole case ; that the court erred in instructing the jury that if they were unable to agree upon an answer to any one or more of the interrogatories, their foreman might write the answer of

a majority thereto; that the court erred in receiving the answer of a majority of the jury to a part of the interrogatories; that the court otherwise erred in instructing the jury; and that the findings and decree were contrary to law, and not warranted by the evidence.

It does not appear from the abstract that the defendants, or either of them, made any objection below to the manner in which the suit was tried. The method of ascertaining the facts which the court adopted was acquiesced in by all parties, and it is only in this court that it is made the subject of complaint. If the defendant was dissatisfied with the mode of trial, he should have interposed his objections at the time. *Strousse v. Bank*, 9 Colo. App. 478.

But when the defendant prepared his abstract of the record, he abandoned all his assignments of error which bring into question the findings, the decree, the instructions, or the course pursued by the court at the trial. Rule 19 of this court makes it obligatory upon an appellant, or plaintiff in error, to furnish us with a printed abstract, which shall present the parts of the record to which reference is made in the assignment of errors, and omitted parts are regarded as waived. Now this abstract contains no instructions, no interrogatories, no response by the jury, and no decree or judgment, and it furnishes us with no means of determining whether, in respect to any such matters, the court erred or not. In behalf of the party responsible for the abstract, we confine our investigation to the matters which we find in it, unless some reason more cogent than any appearing here, requires a departure from the rule. *Otto v. Hill*, 11 Colo. App. 431; *Kelly v. Doyle*, 12 Colo. App. 38; *Johnson v. Spohr*, 12 Colo. App. 371.

Error is also assigned as follows: "The court erred at the trial in receiving incompetent testimony over the objection and exception of appellant." "The court erred in rejecting competent evidence in the case, offered by appellant." These assignments point us to nothing specific, and to what they were intended to be applied, must, in the nature of things,

be guesswork. They are totally insufficient. *Las Animas County v. Stone*, 11 Colo. App. 476.

While there is a failure to convey to us any intelligent idea of what the court did, it does appear from the abstract that a judgment of some kind was rendered, and, because the correctness of judicial proceedings is presumed, that judgment will be affirmed.

*Affirmed.*