Maxwell, J.
“In behalf of the party responsible for the abstract, we confine our investigation to matters which we find in it, unless some reason more cogent than any appearing here requires a departure from the rule.” — Strassheim v. Cole, 14 Colo. App. 164-166, and cases cited.
This litigation had its inception in a justice *486 coúrt, hence the issues were determinable'only from the evidence preserved in the record.
The abstract furnished by appellant attempts to set forth in ten printed pages evidence embraced in 113 typewritten pages, and is, therefore, less than a skeleton of the evidence introduced. The emaciated ¿bstract presented renders it utterly impossible for us to determine, from an examination thereof, whether or not errors were committed by the trial court in excluding, or admitting evidence, and as to the sufficiency of the evidence to sustain the judgment. ’
For the foregoing reasons, under the rule above quoted, we cannot consider the assignments of error based upon such matters.
The abstract shows that the court submitted to the jury instructions Nos. 1, 2, 3 and 4, and refused to submit instructions Nos. 5 and 6.
Instructions Nos. 2 and 3 and tendered instructions 5 and 6 appear in the abstract, instructions Nos. 1 and 4 do not. Thus, it affirmatively appears from the abstract that instructions other than those contained therein were submitted to the jury. Therefore, the instructions submitted being unobjectionable, we must presume that the court properly applied the law to the facts adduced at the trial, and that the refused instructions were covered by the instructions not appearing in the abstract. — Pueblo v. Forney, 18 Colo. App. 351, and cases cited.
The only remaining assignment of error rests upon a. ruling which allowed, upon motion, the amendment of the summons by inserting therein the names of twenty persons as plaintiffs, thereby making them parties to the action.
The abstract of record does not set forth the motion, nor does it state the grounds upon which it was based. Being" unadvised otherwise, we must pre *487 sume that the motion stated sufficient grounds to warrant the ruling made, provided the court was competent to make such order.
“The proceedings of the lower court must be presumed to have been regular in every respect, unless the contrary appears in the record.” — Martin v. Force, 3 Colo. 199.
Upon perfection of an appeal from a justice court, the case stands for trial de novo in the county court, and thereafter the procedure is governed by the practice for the disposition of causes in that court. — Thorne v. Ornauer, 8 Colo. 354-355; Wilson v. Wheeler, 12 Colo. App. 185-186.
Mills’ Ann. Code, section 75, provides that the court may, on motion, in the furtherance of justice, amend any pleading or proceeding, adding or striking out the name of any party.
Under the above provisions of the code, in the furtherance of justice, which we are bound to presume in the absence of a showing to the contrary, we are of the opinion that the court was authorized to make the order complained of.
By the terms of section 78, Mills’ Ann. Code, we are required to disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of parties, and no judgment shall be reversed or affected by reason of such error or defect.
Prom the abstract presented, we cannot say that substantial rights of appellant were affected by the ruling complained of.
If the rights of appellant were substantially affected by the .'ruling, he should have stood upon his objection. By proceeding with the trial he waived it.
The judgment will be affirmed.

Affirmed.