[No. 5303.]
[No. 2941 C. A.]

## Roberson v. Wilmoth et al.

1. **Appellate Practice—Question for Review Met By Subsequent Legislative Enactment—Not Reviewed on Appeal.**

    A question of practice which has been met by legislative enactment, subsequent to the initiation of the action, will not be reviewed on appeal.—P. 75.

2. **Appellate Practice—Assignments of Error—When Not Considered.**

    Assignments of error, stating generally that the court erred in the admission and rejection of the evidence of certain witnesses who had not qualified to testify, and not particularly specifying error in any ruling, and containing no reference to the folio numbers of the transcript or abstract, although the transcript contains 1,300 folios, will not be considered on appeal; nor will assignments of error be considered to rulings on evidence where the abstract shows no objections or exceptions to such rulings.—P. 76.

3. **Appellate Practice—Competency of Witnesses—Presumption.**

    Where there is nothing in the abstract tending to call in question the competency of witnesses, and opposing counsel do not call attention to anything in the transcript supplying the deficiency of the abstract, the appellate court will presume that the trial judge correctly determined such question, notwithstanding assignments of error concerning such competency.—P. 77.

*Error to the District Court of Garfield County. Hon. John T. Shumate, Judge.*

Proceedings by Sylvester Wilmoth and Arthur D. Reynolds to change the point of diversion of certain water priorities in which Jennie Roberson filed a protest. From a decree for petitioners, the protestant brings error. *Affirmed.*

Mr. C. W. Darrow and Mr. J. W. Dollison, for plaintiff in error.

Mr. Ed. T. Taylor and Mr. Charles W. Taylor, for defendants in error.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

This was a proceeding under the statute (Session Laws 1899, chap. 105) to change the points of diversion of certain adjudicated priorities taking water from Divide creek in Water District No. 45, Garfield county.

The petition set forth facts sufficient to invoke the jurisdiction of the court to grant the relief prayed.

Pursuant to an order of the court, notice of the filing of the petition and of the setting of the cause for hearing was served upon 82 interested parties.

Protests were filed in behalf of three persons, upon whom the notice had been served, two of whom dismissed their protests before the taking of testimony was completed, leaving plaintiff in error here the only person protesting against the granting of the prayer of the petition.

The protest of plaintiff in error set forth that she was the owner of an undivided one-fifth (1-5) interest in a certain ditch which had been adjudicated two priorities subsequent, with one exception, to the priorities—five in number—the points of diversion of which were sought to be changed, and averred that the proposed change of the points of diversion sought by petitioners would injuriously affect her vested rights.

A motion to dismiss this proceeding was interposed in the court of appeals in apt time, which was overruled with leave to renew the same upon final hearing.

In view of the fact that this motion is based upon a question of practice which has been met by legislative enactment, subsequent to the initiation of this proceeding, we do not rule such motion.

The assignment of errors and abstract of record presented in this case were prepared in utter disregard of rules 11 and 14 of this court, which are substantially the rules in effect at the time of the preparation of those documents.

There are eight errors assigned, four of which state generally, that the court erred in the admission and rejection of the evidence of certain witnesses who had not qualified themselves to testify. These assignments of error do not contain a single reference to the folio numbers of the transcript or the abstract, and do not particularly specify error in any ruling at the trial. With a transcript of over 1,300 folios, assignments of errors based upon rulings in the admission or rejection of evidence, without reference to the folios of the transcript where such rulings may be found, cannot and will not be considered.

If there was an objection interposed to any rulings of the court in the admission or rejection of evidence, or an exception saved to any such ruling, it is impossible to ascertain such fact from the abstract presented, as it does not show a single objection interposed, ruling thereon, or exception saved. In this condition of the assignment of errors and the abstract, we must decline to consider any of the assignment of errors based upon the alleged errors in the admission or rejection of evidence.

"In behalf of the party responsible for the abstract, we confine our investigation to the matters which we find in it, unless some reason more cogent than any appearing here, requires a departure from the rule."—*Strassheim v. Cole,* 14 Colo. App. 164; *Slaughter v. Strouse,* 20 Colo. App. 484.

The pleadings presented one issue: Would the granting of the change of the points of diversion

prayed for by petitioners injuriously affect the rights of protestant?

The court upon conflicting evidence decided this issue in favor of petitioners and against protestant.

Counsel for plaintiff in error in their brief strenuously insist that there was no *competent* evidence introduced in support of the petition.

Some seven or eight witnesses testified that they had lived on the creek about twenty years; were thoroughly familiar with the water conditions in the creek; that they were practical irrigators; had used the waters of the creek in controversy for the irrigation of their lands during about twenty years last past, and that the proposed change of the points of diversion would not seriously affect plaintiff in error. In fact, some of the witnesses testified that such change would be beneficial to her.

In support of plaintiff in error's contention, three witnesses testified, one of whom was her husband. He disagreed with petitioner's witnesses upon all material points in controversy. The other two witnesses for plaintiff in error were civil engineers, who gave the results of measurements of water in the creek, made by them for use in another proceeding. From their measurements they deduced the conclusion that the proposed changes would be injurious to plaintiff in error.

We must confess that the deduction of these expert witnesses is not obvious to our minds.

Inasmuch as there is nothing in the abstract tending to call in question the competency of petitioner's witnesses, and as counsel in their brief do not call our attention to anything in the record supplying the deficiencies of the abstract, we must conclude that the trial judge correctly determined the question of the competency of the witnesses, if such

question was raised, and under the well-settled rule of this court, there being sufficient evidence, presumptively competent, to sustain the findings and decree, it cannot be disturbed, and must be affirmed.

*Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CASWELL concurring.