## No. 13,714.

UNITED SECURITIES CORPORATION *v.* PANTEX PRESSING MACHINE, INC., INTERVENER ET AL.
(53 P. [2d] 653)

Decided November 25, 1935.  Rehearing denied January 13, 1936.

Mr. J. H. BOUTCHER, for plaintiff in error.

Mr. Harold F. Collins, Mr. Grant E. McGee, for defendant in error.

Mr. Jacob V. Schaetzel, Mr. Roy O. Samson, amici curiae.

*En Banc.*

Mr. Justice Young delivered the opinion of the court.

Plaintiff in error, the United Securities Company, herein designated as plaintiff, instituted an attachment suit in justice court against one H. F. Byram and in aid thereof garnished the City and County of Denver. The city answered that it had in its possession a certain pressing machine which it apparently had taken for non-payment of taxes. At this point the defendant in error, the Pantex Pressing Machine, Inc., which will be desig- nated herein as the intervener, appeared and claimed the property. It is contended by the intervener that the proceedings in the justice court were instituted and conducted by one John R. Walker, a collection agent and not a duly licensed attorney, and that the plaintiff corporation could not by an agent not duly licensed to practice law, invoke the jurisdiction of the justice court, and that all things done by John R. Walker in attempting to appear for and represent the plaintiff corporation as agent were void and of no effect. Such additional facts as are necessary to an understanding of the case will appear in the opinion.

Sections 6091, C. L. 1921, provides that: ''If any creditor or credible person for him, shall make and file with any justice of the peace his affidavit setting forth that the defendant in such affidavit named is justly indebted to such creditor * * * the justice of the peace may, at the time of issuing the summons in the action, or at any time afterwards before final judgment in the action,

issue a writ of attachment against the personal property of the said debtor within his county. * * *''

It appears that such an affidavit was made by F. W. Beck, the president of the plaintiff company, and filed with the justice of the peace.

Section 6093, C. L. 1921, provides that no writ of attachment shall be issued until an undertaking has been entered into and filed in the office of the justice of the peace with one or more sufficient sureties to be approved by the justice, conditioned as in said statute provided. Such an undertaking appears in the record and no objection is made as to its form or sufficiency. Upon the undertaking being filed an attachment writ was issued and on said writ a garnishee summons served upon the city as hereinbefore stated. Intervener filed a petition in intervention claiming the property in the hands of the garnishee by virtue of an unrecorded mortgage. When the cause came on for trial between plaintiff and intervener, as appears from the affidavit of intervener's attorney, the plaintiff company appeared by the said John R. Walker as its agent and the justice entered the following order: ''June 11th, 1934, 2:00 o'clock PM said cause coming on for trial, case dismissed and all attachments released for reason plaintiff corporation not represented.''

Section 6056, C. L. 1921, is as follows: ''If the plaintiff *or his agent* shall not appear at the time appointed for the trial aforesaid, and no sufficient reason shall be assigned to the justice why the plaintiff *or his agent* does not appear, the justice shall dismiss the suit and the plaintiff shall pay the costs, unless the defendant shall consent that such suit shall be continued to another day, in which case the same proceeding shall take place at the second day so fixed for the trial as above provided; but this section shall not require the dismissal of a suit on a note placed in the hands of a justice for collection.'' (Italics ours.)

It appears therefore from the record in the case and

from the affidavit of intervener's attorney that an affidavit was made by Beck, the president of the company, whose credibility is not questioned; that an undertaking was made and filed as the statute required; that a writ of attachment and garnishment issued thereon; that the plaintiff appeared at the time of trial by its agent, John R. Walker, and that the justice of the peace dismissed the cause because the plaintiff *did so appear by agent,* whereas the statute provides that he shall dismiss it if the plaintiff does *not* appear in person *or by agent.* A corporation, of course, must appear by agent if it appears at all and in this case it did so appear.

The dismissal of the cause by the justice was certainly a judgment of that court. It does not appear, and it is not contended, that the judgment of dismissal was on confession of the plaintiff. Section 6171, C. L. 1921, provides: ''Appeals from judgments of justices of the peace, to the county court, shall be granted in all cases except on judgment confessed; * * *'' When the matter was called for hearing in the county court on appeal, the affidavit of intervener's counsel, to which reference is above made, was filed in support of a motion to dismiss the action on the ground that the court was without jurisdiction either of the defendant's person or his property for the reason, as set forth in the affidavit, that ''The plaintiff, United Securities Corporation, attempted to submit itself to the jurisdiction of Judge Sabin's court solely thru the appearance of the aforesaid John R. Walker; that the aforesaid John R. Walker instituted the attachment action on behalf of the plaintiff corporation, United Securities Corporation, filed the papers and thereafter followed the matter up and filed all other necessary papers and at the time of trial appeared and represented the aforesaid plaintiff corporation, United Securities Corporation, in that litigation.

''Affiant further states that the only representation which plaintiff corporation has had prior to the time of the appearance in this court was thru and by virtue of

the action of the aforesaid John R. Walker." The county court sustained the motion and dismissed the cause.

Section 5997, C. L. 1921, provides: "No person shall hereafter be permitted to practice as an attorney or counselor at law, or to commence, conduct or defend any action, suit or plaint in which he is not a party concerned, in *any court of record* within this state, either by using or subscribing his own name, or the name of any other person, without having previously obtained a license for that purpose. * * *" (Italics ours.)

Section 6017, C. L. 1921, provides: "That any person who shall, without having a license from the supreme court of this state so to do, * *.* who shall appear in *any court of record* in this state to conduct a suit, action, proceeding, or cause for another person, shall be deemed guilty of contempt of the supreme court of this state and of the court in which said person shall so appear and shall be punished therefor according to law; * * *" (Italics ours.)

A reading of the above statutes indicates that both are directed towards persons unlicensed to practice law appearing in *courts of record*. The case of *Bennie v. Triangle Ranch Co.*, 73 Colo. 586, 216 Pac. 718, was a suit in the county court of Lincoln county, in which an unverified complaint was filed, subscribed, "The Triangle Ranch Company, by Jessie L. Thomas, Secretary and Manager." The said Jessie L. Thomas was not an attorney at law and of course fell within the inhibition of both statutes above set out. The court held in that case that a corporation could appear in a court of record only by a duly licensed attorney at law. But in the present case plaintiff was represented in the county court, a court of record, by J. H. Boutcher, a duly licensed attorney at law, thus complying with the statutes and the rule announced in the case last cited.

Amici curiae request the court to determine, and the defendant in error contends, that an appearance in the

justice court by an unlicensed person as agent of the plaintiff corporation constitutes illegal practice of the law. In this connection it is pertinent to observe that section 1, article VI, Constitution of the state of Colorado, reads: "The judicial power of the state as to all matters of law and equity, except as in the constitution otherwise provided, shall be vested in the supreme court, district courts, county courts, *and such other courts as may be provided by law.* * * *" (Italics ours.) Justice courts are not constitutional courts and exist under authority and by permission of the legislative branch of the government. Section 2, article VI of the Constitution of the state of Colorado, is as follows: "The supreme court, except as otherwise provided in this constitution, shall have appellate jurisdiction only, which shall be coextensive with the state, and shall have a general superintending control over all inferior courts, under such regulations and limitations as may be prescribed by law." Justice courts are unquestionably inferior courts, but section 6056, supra—the legislature by necessary implication having provided that a plaintiff may appear by his agent at the time of trial and save the dismissal of a cause—can mean nothing else than that the agent may represent the plaintiff in the trial of that cause. Such a statute is in its effect a limitation by the legislature on the superintending control that may be exercised by the Supreme Court over a purely statutory court. But slight consideration is required to convince one of the soundness of the distinction that has been made in our statutes between courts of record and justice courts, which are not courts of record. Justice courts are courts of limited jurisdiction. The claims and causes there litigated are of minor importance. The court is often referred to as the "poor men's court," and the causes frequently do not justify the expense of an attorney. With few exceptions the justices of the peace who preside at the trials are men with no legal training whatsoever, nor are they required by law to have such training. No

record is made of the proceedings in justice courts, nor *are such proceedings ever reviewed by any court to which the cause may be appealed.* Whether a cause is well presented or well defended or poorly presented or poorly defended in the justice court can never aid or hamper another court in the exercise of its jurisdiction over the subject matter of the trial. On appeal to the county court, a court of record, the trial must be de novo (section 6179, C. L. 1921, *McCreary v. Brady,* 26 Colo. App. 297, 143 Pac. 829, *Slaughter v. Strouse,* 20 Colo. App. 484, 487, 79 Pac. 972), and under both the statutes of the state and the holding of this court, supra, a corporation can appear in a court of record only by an attorney at law.

We hold, therefore, that the plaintiff corporation, under the statute, was within its legal rights in appearing in the justice court by its agent, not licensed to practice law, and that having appeared by attorney in the county court it was the duty of the latter to hear the cause de novo. It was error to sustain the intervener's motion to dismiss the cause.

The judgment is reversed and the cause remanded for trial.