307 F.2d 413
 FLORA CONSTRUCTION COMPANY, a Wyoming corporation, Appellant,
v.
FIREMAN'S FUND INSURANCE COMPANY; Argus Construction Company, a Wyoming corporation; Flora Construction Company and Argus Construction Company, a joint venture; Walter W. Flora, Mildred L. Flora, William Wagner and J. A. Trethewey, Appellees.
 No. 7009.
 United States Court of Appeals Tenth Circuit.
 August 2, 1962.
 Rehearing Denied August 27, 1962.
 
 Flora Const. Co., appellant, appearing by its President, Walter W. Flora.
 Lawrence M. Wood, Denver, Colo., for appellee Fireman's Fund Ins. Co.
 No appearance for other appellees.
 Before PICKETT, LEWIS and BREITENSTEIN, Circuit Judges.
 BREITENSTEIN, Circuit Judge.
 
 
 1
 Appellee Fireman's Fund Insurance Company brought an action in the United States District Court for the District of Colorado against Flora Construction Company and others. Flora Construction appeared pro se by its president, who is not an attorney at law, and filed a motion for a more definite statement. The trial court held that a corporation may not appear pro se and allowed time for the corporation to secure representation by an attorney at law. Flora Construction moved for reconsideration of this order and, when that motion was denied, filed notice of appeal. Fireman's Fund moves to dismiss the appeal because of the lack of an appealable order.
 
 
 2
 The record shows no final decision appealable under 28 U.S.C. § 1291 and no interlocutory order appealable under 28 U.S.C. § 1292. The action involves multiple claims and multiple parties and no effort was made to comply with Rule 54(b), F.R.Civ.P., 28 U.S.C.A. The appeal is dismissed.
 
 
 3
 In the circumstances we treat the papers presented by Flora Construction as an application for leave to file a petition for writ of mandamus to compel the district court to permit Flora Construction to appear by its president who admittedly is not an attorney at law. The rule is well established that a corporation can appear in a court of record only by an attorney at law.[1] As the action of the trial court was entirely proper, application for mandamus is denied.
 
 
 
 Notes:
 
 
 [1]
 Osborn v. President, Directors, and Company of the Bank of the United States, 22 U.S. 738, 830, 6 L.Ed. 204; Commercial and Rail Road Bank of Vicksburg v. Slocomb, Richards and Company, 39 U.S. 60, 65, 10 L.Ed. 354; Heiskell v. Mozie, 65 App.D.C. 255, 82 F.2d 861, 863; Acme Poultry Corporation v. United States, 4 Cir., 146 F.2d 738, 740, certiorari denied 324 U.S. 860, 65 S.Ct. 865, 89 L.Ed. 1417; Mullin-Johnson Co. v. Penn Mut. Life Ins. Co. of Philadelphia, Pa., D.C.N.D.Calif., 9 F.Supp. 175; Brandstein v. White Lamps, D.C.S.D.N.Y., 20 F.Supp. 369, 370; and MacNeil v. Hearst Corporation, D.C.Del., 160 F.Supp. 157, 159. The rule so recognized in federal courts is followed in Colorado. See Bennie v. Triangle Ranch Co., 73 Colo. 586, 588, 216 P. 718, 719, and United Securities Corporation v. Pantex Pressing Machine, Inc., 98 Colo. 79, 85, 53 P.2d 653, 656. The rule adopted by the Colorado Supreme Court on December 5, 1961, see Colo. Bar Ass'n Advance Sheets Vol. 14, No. 5, p. 145, and also Pacific Reporter Advance Sheets 366 P.2d No. 5, January 5, 1962, p. XXI, and Colo. Reporter, 364-366 P.2d, p. XIV relating to professional service corporation has no application here because the president of Flora Construction is not licensed to practice law