529 P.2d 332 (1974)
GUILDNER WAY, INC., Plaintiff-Appellee,
v.
BOARD OF ADJUSTMENT OF ADAMS COUNTY, Colorado, et al., Defendants-Appellants.
No. 74-301.
Colorado Court of Appeals, Div. I.
December 3, 1974.
No appearance for plaintiff-appellee.
Larry W. Berkowitz, Deputy County Atty., S. Morris Lubow, County Atty., Brighton, for defendants-appellants.
Selected for Official Publication.
KELLY, Judge.
The Adams County Board of Adjustment appeals from a judgment of the district court in C.R.C.P. 106(a)(4) proceedings ordering it to grant a special use permit to Guildner Way, Inc. After certification *333 of the record and hearing the arguments of counsel, the trial court found that the grounds on which the Board had based its denial were not supported by the record and that the denial was arbitrary and capricious. The court ordered the Board to issue the permit. We reverse.
Guildner's property was zoned under the Adams County Zoning Resolution in the Industrial-1 zoning category under which storage of petroleum products was not a permitted use. Chapter 7, paragraph F of the Zoning Resolution authorizes issuance of permits for special uses in all industrial districts and allows the Board of Adjustment to grant a special use permit after considering: "compatibility with the surrounding area, harmony with the character of the neighborhood, need for the proposed use, its effect upon the immediate area, its effect on future development of the area, and the health, safety, and welfare of the inhabitants of the area and the County." This ordinance established the criteria for the granting of a special use permit by the Board. See Bauer v. Wheat Ridge, Colo., 513 P.2d 203.
In August 1973, Guildner applied to the Board for a special use permit to store 900,000 gallons of fuel oil in the digesting tanks of the old Westminster Sewage Plant on its property. After public hearings, the Board denied the permit on several grounds, one being that "the requested use would have a detrimental effect on the health, safety and welfare of the inhabitants of the area and the county."
A trial court may not set aside the decision of an administrative body as arbitrary and capricious unless the decision is unsupported by competent evidence. Board of County Commissioners v. Simmons, 177 Colo. 347, 494 P.2d 85. We are bound by the same rule. Geer v. Stathopulos, 135 Colo. 146, 309 P.2d 606. We may neither consider the propriety of the Board's findings nor substitute our judgment for its decision. State Civil Service Commission v. Hazlett, 119 Colo. 173, 201 P.2d 616. There was testimony in the record that the proposed use would aggravate the fire hazard, create traffic congestion, endanger school children and retard the development of the area. This was sufficient to support the Board's conclusion under the standards set forth in Chapter 7, paragraph F of the Zoning Resolution. See Bauer v. Wheat Ridge, supra.
The trial court's reversal of the Board's action was based in part on the Board's finding that Guildner had failed to establish a hardship as a prerequisite to granting a special exception. The requirement of hardship relates to variances, not to special exceptions. See C.R.S.1963, 106-2-17(2)(b) and (c); C. Rhyne, Municipal Law § 32-23. A special use permit is synonymous with a special exception. The Board's gratuitous inclusion of the finding on hardship does not vitiate the action of the Board in denying the application for a valid reason.
The judgment is reversed and the cause is remanded with directions to enter judgment dismissing Guildner's petition.
COYTE and BERMAN, JJ., concur.