Timothy W. Schultz Executive Director Department of Local Affairs 1313 Sherman Street, Room 518 Denver, CO 80203
Dear Mr. Schultz:
This letter is in reply to your request for an Attorney General's opinion on who can legally represent taxpayers in proceedings before the Board of Assessment Appeals (hereinafter, "the Board").
QUESTION PRESENTED AND CONCLUSION
Your request for an Attorney General's opinion presents two questions:
1. Can a nonattorney represent an individual taxpayer before the Board pursuant to section 39-2-127(4), C.R.S. (1982), as amended by 1988 H.B. 1044?
No.
2. Can a nonattorney represent a corporation before the Board pursuant to section 13-1-127, C.R.S. (1987)?
No.
ANALYSIS
On their face, section 39-2-127, C.R.S. (1982), (as amended by 1988 H.B. 1044),[1] and section 13-1-127, C.R.S. (1987),[2] permit nonlawyers to represent individuals and (in some circumstances) corporations before the Board. "The General Assembly," however, "does not have the constitutional authority to determine who can practice law before administrative agencies." Unauthorized Practice of Law Committee v.Employers Unity, Inc., 716 P.2d 460, 463 (Colo. 1986). Under our tripartite system of government, see Colo. Const. art. III, the state supreme court has the exclusive authority to define and regulate the practice of law in Colorado.Id. See also, e.g.,Unauthorized Practice of Law Committee v. Prog., 86 SA 400 (Colo. June 30, 1988); Denver Bar Ass'n v. PublicUtilities Comm'n., 154 Colo. 273, 391 P.2d 467 (1964). The Supreme Court, in attempting to define the practice of law, has noted that:
 generally, one who acts in a representative capacity in protecting, enforcing, or defending the legal rights and duties of another and in counselling, advising and assisting them in connection with these rights and duties is engaged in the practice of law.
Denver Bar Ass'n, supra, 391 P.2d at 471.Accord: Prog, supra.[3]
The Supreme Court has granted permission for the unlicensed practice of law sparingly and only in very limited circumstances,i.e., where there are few or no disputed legal principles involved and the monetary amount in issue is too small to justify hiring an attorney. E.g., Denver BarAss'n, supra, 391 P.2d at 472. In one such case, the court spelled out the rationale for permitting laymen to otherwise engage in the practice of law before an administrative agency:
 Lay representation in this field [i.e., unemployment hearings] has been accepted by the public for 50 years. It poses no threat to the People of the State of Colorado. Nor is it interfering with the proper administration of justice. No evidence was presented to the contrary.
 In general, the amounts involved do not warrant the employment of an attorney. The average weekly benefit in 1983 was $148.20. Because many claimants are reemployed before their 26-week eligibility period expires, it is impossible to predict with any certainty what the aggregate amount of benefits received by a claimant will be. Lay representation has proven cost effective.
 As a matter of public policy, the benefits of the present system of lay representation serve the best interests of the public.
Employers Unity, Inc., supra, 716 P.2d at 463.
Similarly, the court has indicated that corporations may be represented by laymen only in very limited circumstances. InUnited Securities Corp. v. Pantex Pressing Mach.,98 Colo. 79, 53 P.2d 653 (1935), the court answered negatively the question of whether a corporation could appear in a court of record without an attorney. The court distinguished a statutory court of record from a justice court. Justice courts were not constitutional courts and existed under authority and by permission of the legislative branch of government. Moreover,
 [j]ustice courts are courts of limited jurisdiction. The claims and causes there litigated are of minor importance. The court is often referred to as the "poor men's court," and the causes frequently do not justify the expense of an attorney. . . . No record is made of the proceedings in justice courts, nor are such proceedings ever reviewed by any court to which the cause may be appealed. Whether a cause is well presented or well defended or poorly presented or poorly defended in the justice court can never aid or hamper another court in the exercise of its jurisdiction over the subject-matter of the trial. On appeal to the county court, a court of record, the trial must be de novo (citations omitted) and under both the statutes of the state and the holding of this court, supra, a corporation can appear in court of record only by an attorney at law.
Id., 53 P.2d at 656 (emphasis in original).
Based on these decisions, any statute authorizing lay representation of either individuals or corporations before the Board would, in my opinion, be invalid. This follows, in part, because, unlike the unemployment compensation area, there is no history of the Board allowing lay representation prior to the enactment of 1988 H.B. 1044 and section 13-1-127(2), C.R.S. (1987), and there is no evidence of lay representation being cost effective to the State or taxpayers; in part, because tax cases often involve large sums of money; in part, because hotly contested issues of fact and complicated legal issues constantly arise in these cases; and, in part, because the quality of representation before the Board will heavily impact upon courts of record in the exercise of their jurisdiction over a case.
Tax cases often involve large sums of money. The taxpayers are asking the Board to lower the value of their property from as little as a few hundred dollars to thousands or millions of dollars in actual value for homeowners, and millions of dollars for corporations or businesses. Even where a closely held corporation wishes to exercise its supposed statutory prerogative to have lay representation in cases involving controversies under $5,000, see section 13-1-127, C.R.S. (1987), other considerations would bar this. The legal issues involved in these types of cases are complex and include, for example: whether sales beyond the base year can be considered when using the market approach to value the property; the amount of or the type of depreciation or obsolescence; what is or is not considered obsolescence; rolling property back from a current year value to a base year level of value; and, the adjustments that are necessary to show whether the property is truly comparable. Additionally, there are factual disputes as to whether or what type of building material was used, the difference between the types of material, and numerous other judgment calls in valuing property; presently, people who are experts in this field and have been working in it for years, have trouble agreeing on what methodology and procedures should or should not be followed. Finally, appeals of Board decisions go to the district court[4]
and are reviewed, de novo, but on the basis of the record prepared at the Board's hearing; no new evidence can be presented on review. The District Courts, Court of Appeals, and Supreme Court are, then, bound by the records created at the Board's hearing unless the Board's findings are arbitrary and capricious, or not supported by competent evidence. Section 24-4-106, C.R.S. (1982); Dolan v. Rust,195 Colo. 173, 576 P.2d 560 (1978); Guildner Way, Inc. v. Boardof Adjustment, 35 Colo. App. 70, 529 P.2d 332 (1974). Like the situation described in United Securities Corp.,supra, the level or quality of representation provided before the Board would necessarily affect courts of record in the exercise of their jurisdiction over a case.
I realize, from what you have told me, that there currently exists a problem with tax agents and real estate agent appraisers soliciting the business of practicing law; the inexperience of these laymen in procedural and substantive matters would, of necessity, affect not only the interests of their "clients," but also those of the Board, the courts, and ultimately the administration of justice in a manner the Supreme Court would not probably condone. For similar reasons, the Supreme Court would probably not condone lay representation of corporations before the Board, even by those who have an obvious stake in the corporation itself. See Stanrett v. Shepard,606 P.2d 1247 (Wyo. 1980) (a person who is not an attorney cannot represent a corporation in court regardless of his association with or interest in the corporation); United States v. 191Acres of Land et al., 416 F.2d 1244 (6th Cir. 1969) (corporate president); Jones v. Niagara Frontier Trans.Authority, 722 F.2d 20 (2d Cir. 1983) (corporate officer);Walacavage v. Excell 2000, 331 Pa. Super 137,480 A.2d 281 (1984) (same); Shamey v. Hickey, 433 A.2d 1111
(D.C.App. 1981) (sole shareholder); Quinn v. HousingAuthority of Orlando, 385 So.2d 1167 (Fla.Dist.Ct.App. 1980) (employee). See also Merco ConstructionEngineers, Inc. v. The Municipal Court for the Long BeachJudicial District of Los Angeles County, 21 Cal.3d 724,147 Cal.Rptr. 631, 581 P.2d 636 (1978) (it is unconstitutional for legislature to authorize a corporation to appear in civil action through a corporate officer not licensed as attorney).
Under our state constitutional separation of powers doctrine, this executive branch office has no more authority to declare what is the unauthorized practice of law than does the legislature. Nor can this office invalidate a statute on the grounds it is unconstitutional, another function reserved to the judicial branch. This letter represents my opinion as to what conclusion the Colorado Supreme Court would most likely reach if presented with these questions.
The Colorado Supreme Court has provided an avenue for resolving questions of what constitutes the unauthorized practice of law and created an administrative mechanism within the judicial branch for enforcing its decisions. The Unauthorized Practice of Law Committee has been established to hear such controversies and to make recommendations to the Colorado Supreme Court to enjoin violations. See, e.g., Employers Unity,Inc., supra. It is my belief that this process should be honored. I advise that prior to acting in reliance upon this opinion, you should address your inquiry and a copy of this opinion to the Unauthorized Practice of Law Committee, located at 600 17th Street, Suite No. 500 South, Denver, CO 80202. In this manner, a final decision can be obtained from the judicial branch, which has the exclusive jurisdiction to define the practice of law and to punish violations. See C.R.C.P. 228-240.1 (1987 Supp.).
SUMMARY
Legislative enactments relating to those who can appear and represent individuals before administrative agencies are valid only to the extent that they do not conflict with the judiciary's constitutional power to determine, regulate and define who can practice law in the State. When a conflict exists, the legislative enactment must give way. Consistent with principles pronounced by the Supreme Court on the subject, it is my opinion that neither individuals nor corporations may be represented by a nonlawyer in proceedings before the Board of Assessment Appeals. A final resolution of this controversy should be sought by submitting a complaint to the Unauthorized Practice of Law Committee together with a copy of this opinion.
Sincerely,
 DUANE WOODARD Attorney General
CORPORATIONS ATTORNEYS LEGISLATIVE BILLS
H.B. 1044 (1988)
Section 13-1-127, C.R.S. (1987) Section 39-2-127, C.R.S. (1982)
Colo. Const. art. III
LOCAL AFFAIRS DEPT. Assessment Appeals Bd.
A non attorney cannot represent taxpayers in BOAA hearings as this constitutes practice of law. A corporation must appear in court of record with attorney.
[1] Section 39-2-127, C.R.S. (1982), as amended by 1988 H.B. 1044, now provides:
 Any person who is a party in a proceeding before the board may appear on his own behalf or be represented by an attorney admitted to practice law in this state or by any other individual of his choice.
(Emphasis added.)
[2] Section 13-1-127, C.R.S. (1987) provides:
 (2) A closely held Colorado corporation . . . may be represented before any court of record or any administrative agency by an officer if:
 (a) The amount at issue in the controversy or matter before the court or agency does not exceed five thousand dollars, exclusive of costs, interest, or statutory penalties; and
 (b) The officer provides the court or agency, at or prior to the trial or hearing, with a notarized copy of a written resolution signed by at least fifty percent of the corporation's shareholders of record authorizing the officer to appear on behalf of the corporation in all matters within the jurisdictional limits set forth in this section.
(Emphasis added).
[3] This would encompass such things as:
 Appearing in person or by telephone at the hearing before the Referee on behalf of their client or claimant.
 Making opening statements, which sometimes include citations to applicable statutes;
Conducting direct and cross-examination of witnesses;
 If representing an employer, introducing business records into evidence;
Making and responding to evidentiary objections;
 Making closing arguments which sometimes include citations to relevant portions of the statutes, and occasionally, to case law;
Reviewing the Referee's decision;
 Advising and assisting their clients, or claimants, in the decision whether or not to appeal a Referee's decision to the Industrial Commission;
Preparing and filing Notice of Appeal forms; and
 Preparing written arguments to present to the Industrial Commission, which may include reference to the transcript, relevant statutes, and occasionally cited case law.
Employers Unity, Inc., supra, 716 P.2d at 463.
[4] Beginning January 1, 1989, appeals of Board decision lie in the court of appeals, rather than in the district court. Section39-8-108, C.R.S. (1987), as amended by 1988 H.B. 1044.