BETHESDA FOUNDATION OF NE-
BRASKA, MTC West, Inc., and Sage
Lakewood L.L.C., d/b/a Bethesda Care
Centers, Bethany Care Center and Be-
thany Healthplex, Plaintiffs–Appellees,

v.

COLORADO DEPARTMENT OF
HEALTH CARE POLICY and Financ-
ing (f/k/a the Colorado Department of
Social Services); Alan R. Weil, in his
official capacity as Acting Executive Di-
rector of the Department of Health Care
Policy and Financing; Colorado State
Board of Medical Services (f/k/a the Col-
orado Board of Social Services); Colora-
do Department of Administration; and
the State of Colorado, Defendants–Ap-
pellants.

No. 91CA1711.

Colorado Court of Appeals,
Div. II.

Feb. 23, 1995.

Rehearing Denied April 13, 1995.

Certiorari Denied Sept. 11, 1995.

Miles & Epstein, P.C., Frederick Miles, Nancy P. Tisdall, Denver, for plaintiffs-appellees.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Wade Livingston, Asst. Atty. Gen., Denver, for defendants-appellants.

Opinion by Judge HUME.

Defendants, Colorado Department of Health Care Policy and Financing (DHCP) (successor to the Colorado Department of Social Services as administrator of the Colorado Medicaid program), Alan R. Weil, in his official capacity as Acting Executive Director of DHCP, Colorado Board of Medical Services (f/k/a Colorado Board of Social Services), Colorado Department of Administration, and the State of Colorado, appeal the district court's judgment adopting findings and conclusions made by an Administrative Law Judge (ALJ) that defendants acted arbitrarily and capriciously in applying a Medicaid reimbursement plan that failed to provide adequate and reasonable reimbursement to plaintiffs, Bethesda Foundation of Nebraska, MTC West, Inc., and Sage Lakewood L.L.C. (Bethesda) d/b/a Bethesda Care Centers, Bethany Care Center, and Bethany Healthplex. The trial court entered judgment directing defendants to take affirmative action to provide appropriate relief in favor of plaintiffs for reimbursement for care provided to certain patients. We reverse the district court judgment.

Plaintiffs own and operate a long-term nursing care facility that participates in the Colorado Medical Assistance Program (Medicaid). Defendants are responsible for the administration and supervision of the state Medicaid program and they formulate rules and establish rates under which Medicaid providers are reimbursed for the services they provide to poor, disabled, and needy patients.

Plaintiffs appealed the reimbursement rate or classification assigned to Bethany Care Center by defendants in and after 1985. After conducting a hearing in 1987, an ALJ found that Colorado's nursing home classification system, as applied to plaintiffs, did not meet the fundamental requirements of federal and state law concerning reimbursements of nursing home facilities. However, the ALJ concluded that she lacked authority to provide plaintiffs with a remedy and indicated that appropriate relief could be sought in a judicial forum. Plaintiffs then sought judicial review of the ALJ's order denying them relief.

In 1991, the district court entered judgment adopting most of the ALJ's findings and conclusions concerning deficiencies in the Colorado system for classifying and providing reimbursement to nursing homes as it applied to plaintiffs. The court ordered defendants to undertake all necessary and appropriate steps to ensure that plaintiffs' Medicaid reimbursement rate be adjusted to comply with the requirements of state and federal law.

Defendants contend that the district court erred in affirming the ALJ's findings and conclusions and in ordering relief to plaintiffs. We agree.

■ A district court may not set aside the decision of an administrative body as arbitrary and capricious unless the decision is unsupported by competent evidence; we are bound by the same rule. *Guildner Way, Inc. v. Board of Adjustment,* 35 Colo.App. 70, 529 P.2d 332 (1974).

■ No state is obligated to take part in the federal Medicaid program. However, once it elects to participate, it must comply with the applicable statutes and regulations governing reimbursement for health care providers. *Harris v. McRae,* 448 U.S. 297, 100 S.Ct. 2671, 65 L.Ed.2d 784 (1980).

■ A state's participation in the federal Medicaid program is preceded by the State's submission of a "state plan." The state plan must satisfy the requirements of 42 U.S.C. § 1396a, et seq. (1992) and the relevant federal implementing regulations with respect to setting Medicaid payment rates. *See AMI-*

*SUB v. Department of Social Services,* 879 F.2d 789 (10th Cir.1989).

Federal law requires that a state plan provide for health care services through the use of rates which the state finds, and makes assurances to the federal government are:

> reasonable and adequate to meet the costs which must be incurred by efficiently and economically operated facilities in order to provide care and services in conformity with applicable state and federal laws.... 42 U.S.C. § 1396a(a)(13)(A) (1992).

Colorado's Medicaid reimbursement program is also governed by the Colorado Medical Assistance Act, § 26–4–101, et seq., C.R.S. (1994 Cum.Supp.). Section 26–4–410(1)(a)(I), C.R.S. (1994 Cum.Supp.) provides that DHCP shall:

> establish a price schedule ... which shall reimburse ... each [Medicaid] vendor, as nearly as possible, for its actual or reasonable costs of services rendered, whichever is less....

Pursuant to DHCP's reimbursement plan, each nursing home in Colorado is assigned to one of four classes. *See* 10 Code Colo.Reg. § 8441.3.B. The majority of nursing homes, including the one in question here, fall into Class 1. DHCP determines the reasonable rate of reimbursement for each class of nursing home by using the actual costs of services rendered by each home and by applying a ceiling determined by a percentage of the actual costs of all nursing homes within the same class. *See* 10 Code Colo.Reg. 2505–10, § 8.440, et seq. The ceiling based upon the pro rata percentage of all costs constitutes the maximum reasonable cost of services.

The regulations contain no provisions for exceptions or for procedures for consideration of individual characteristics of a particular facility or its patients in determining or adjusting that individual facility's reimbursement rate.

Here, both parties stipulated, and the ALJ found, that plaintiffs' overall operation of the nursing home was efficient and economical. Plaintiffs contend, and the ALJ further found, that the home provided care for an unusually large number of "intensive man-

agement patients" (IMPs) that required more care than the average patient.

The ALJ found that because the IMPs consumed an inordinate amount of plaintiffs' resources, the state's Medicaid reimbursement system, as designed and applied, could never adequately or reasonably repay them for their reasonable costs of services provided for such patients. Based upon this finding, the ALJ concluded that the Colorado classification scheme did not provide "reasonable and adequate reimbursement" to plaintiffs during the challenged period from and after March 1, 1985.

Plaintiffs do not assert that the Colorado reimbursement plan is procedurally or substantively contrary to 42 U.S.C. § 1396a et seq., or to federal regulations. In fact, they concede that they "are not challenging the Department's overall rate system under the parameters of the federal law."

Instead, plaintiffs contend that reimbursements, both under the federal law and under Colorado statutes and regulations, must be "reasonable and adequate and [must] take into account" services that must be provided to meet the needs of their patients. While the contention as framed generally paraphrases the requirements of federal and state law, its application as argued and applied by both the ALJ and the district court goes awry.

■ Underlying the position adopted by the ALJ and the district court is the premise that, under Medicaid, *a nursing facility* is entitled to be recompensed its costs unless it is inefficiently or uneconomically operated. That premise has been rejected on numerous occasions both with respect to hospital and nursing home Medicaid reimbursements. *See Mississippi Hospital Ass'n v. Heckler,* 701 F.2d 511 (5th Cir.1983). It is the overall payment for all nursing facilities in a particular classification that is evaluated for statutory compliance for establishing reimbursement compensation rather than the adequacy of payment for any one component of a single facility. *Colorado Health Care Ass'n v. Colorado Department of Social Services,* 842 F.2d 1158 (10th Cir.1988).

■ States are free to formulate classwide Medicaid reimbursement regulations based on costs of rational groupings of provider facilities. *Friedman v. Perales,* 668 F.Supp. 216 (S.D.N.Y.1987). And, reasonableness is characterized not as a pinpoint, but rather as a zone or range in which a state may consider relevant factors and data in determining the reasonableness and adequacy of a reimbursement rate. States are not required to reimburse individual providers for costs they actually or even reasonably incur. *Colorado Health Care Ass'n v. Colorado Department of Social Services, supra.*

■ We have found no precedent, and none has been cited, in which, as here, a reimbursement rate has been successfully challenged based upon the claimed inadequacy of reimbursement to cover actual costs of a small number or percentage of patients in one wing of an otherwise profitable nursing home. Here, plaintiffs were able to demonstrate that, in regard to the facility as a whole, they suffered an actual loss based upon the state reimbursement rate for only four months of the entire period challenged.

■ Administrative action, such as the rate-making and classification processes here, is presumed to be regular and valid. And, it is incumbent upon the challenging party to present evidence sufficient to demonstrate the contrary. *See People v. Gallegos,* 692 P.2d 1074 (Colo.1984). *See also* § 24–4–105(7), C.R.S. (1988 Repl.Vol. 10A).

Here, the reimbursement rate was based upon and took into consideration plaintiffs' actual costs in providing services needed by all of its patients, including the IMPs. In addition, there is no evidence that necessary services cannot be provided to IMP patients by other available and qualified providers, should plaintiffs be unable to continue their present patient mix. Thus, under the circumstances here, the Colorado rate structure and classification system has not been demonstrated to have been arbitrarily or capriciously established or applied. *See Lett v. Magnant,* 965 F.2d 251 (7th Cir.1992).

■ The ALJ also concluded that defendants should be estopped from refusing to give special consideration to plaintiffs'

"unique circumstances" by their representations to the effect that reclassification might be appropriate. That conclusion was subsequently rejected by the district court on review, and plaintiffs have not cross-appealed the court's ruling. Moreover, our review of the record satisfies us that the district court did not err in rejecting the estoppel claim against the government because of an insufficient showing of plaintiffs' detrimental reliance on any governmental representation.

Accordingly, we conclude that the ALJ and the district court erred as a matter of law in determining that defendants' application of their classification and reimbursement scheme to plaintiffs was arbitrary, capricious, or violative of state or federal law, and that the district court judgment cannot stand.

Therefore, the district court judgment requiring further action by defendants so as to provide additional reimbursement compensation to plaintiffs is reversed.

PLANK and ROY, JJ., concur.